## Penn Paper and Stock Company, et al. *v.* Pohar, et al.

Argued May 11, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Thomas F. McDevitt,* for appellants.

*Andrew F. Napoli,* with him *Cohen, Bellis & Verlin,* for appellee.

OPINION BY JUDGE WILKINSON, June 7, 1973:

On December 5, 1963, appellee suffered a compensable injury resulting in a compensation agreement of December 31, 1963, under which he was paid for total disability. Appellants, on November 18, 1966, filed a petition for termination, alleging that all disability had ceased as of February 1, 1966. An answer was filed and three hearings were held before the original referee. The original referee dismissed the termination petition but, on appeal, the original Board reversed and remanded for the appointment and report of an impartial medical expert. An impartial medical expert was appointed and submitted a 10-page, single spaced report. He was examined on the report by the attorneys for the parties and by the original referee, the transcript of this testimony covering 53 pages in a 285-page record. After the last hearing, a new referee was appointed who filed a report dismissing the petition. On appeal, a new Board affirmed the determination of the referee and dismissed the appeal. This appeal followed.

We must affirm the decision of the Board.

The law applicable to this case is quite clear and is not in dispute. The appellants have the burden of proving the cesssation or modifcation of disabilty. *Fehr v. Y.M.C.A., Pottsville,* 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963). When the Board finds against a party

having the burden of proof, it will be reversed only if it can be shown that the Board capriciously disregarded the evidence. *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968) ; *State Workmen's Insurance Fund v. Young*, 2 Pa. Commonwealth Ct. 423, 276 A. 2d 552 (1971).

Appellants had a medical expert and a private investigator testify. Appellee testified and produced two medical experts. It was on this state of the record that the original referee found for appellee and dismissed the petition to terminate, and the original Board reversed and remanded for the report of an impartial expert. Following the report and testimony of the impartial expert, the petition was again dismissed, this time by a new referee. The new referee's decision was affirmed by a new Board.

It is not surprising that a careful review of the entire record shows disagreement between the testimony of appellants' and appellee's experts. Further, it is not surprising to be able to go through the 10-page report of the impartial expert and the 53 pages of his examination and extract apparent inconsistencies. Taken in the light most favorable to the appellants, this could only result in a state of inconclusiveness which would result in a finding against the party with the burden, i.e., against appellants. However, we find in our review of the entire record and especially of the impartial expert's very complete testimony substantial evidence to support the impartial expert's opinion that the appellee is totally disabled and must continue to be so considered until it can be shown there is employment available that could use his limited ability.

Accordingly, we enter the following

## ORDER

Now, June 7, 1973, the order of the Workmen's Compensation Appeal Board is affirmed, and Termination Petition No. 136,653, is hereby dismissed.