Edison Hotel and The Westmoreland Casualty
Company, Insurance Carrier, Appellants, *v.*
Workmen's Compensation Appeal Board,
and Patricia A. Bock, Appellees.

Argued September 12, 1973, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three.

*Theodore E. Breault,* with him *Egler, McGregor & Reinstadtler,* for appellant.

*Thomas Levendos,* with him *George Shorall,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 8, 1973:

A "semi-interpretative dancer"[1] was stripped of Workmen's Compensation Benefits by the Referee and the Workmen's Compensation Appeal Board (Board) reversed, resulting in the instant Appeal.

Patricia Bock (Claimant) was employed by the Edison Hotel (Hotel) to entertain the public in what she described in her professional parlance as "semi-interpretative dancing." On January 13, 1971, while doing her last number, Claimant avers that she slipped on the stage and twisted her right ankle, saving herself from a fall by virtue of an alert grasp of the curtain behind. She contends that the pain grew progressively worse, gyrating to her right side, right arm and lower back.

On May 24, 1971, Claimant, seeking redress for her injuries, filed a Claim Petition for Compensation Disability. After the hearing, the Referee dismissed the Petition by concluding that she had failed to carry the burden, which required her to establish a compensable accident under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §1 et seq. (Act). The Board reversed the Referee.

Hotel has brought this decision to us.

---

[1] While the Court exhibits a lack of expertise in certain forms of the Performing Arts, we understand her style of dancing to be Go-Go.

Our scope of review in this type of case is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Arnold Coal & Supply Co., Inc. v. Markle,* 8 Pa. Commonwealth Ct. 107, 300 A. 2d 916 (1973); *Bayuk Cigar Company v. Hawn,* 8 Pa. Commonwealth Ct. 45, 300 A. 2d 837 (1973).

However, again this Court is confronted with the difficulties posed in the interpretation and application of our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), to an appeal in which the Referee's decision and Board's reversal predated the filing, but not the application of this important decision.[2]  In *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), this Court, through Judge BLATT, concluded that 1972 amendments[3] to the Workmen's Compensation Act vested greater authority in the Referee, making the Referee the ultimate fact finder. So, unless new evidence is heard by the Board, its review is limited to the *competence, and not the credibility* of the evidence heard by the Referee, and the factual determinations of the Referee supported by competent evidence must be accepted by the Board.  9 Pa. Commonwealth Ct. at 182,

---

[2] Since the Board's decision reversing the Referee was filed on March 28, 1973, it is clear that the 1972 amendments, applicable to Board decisions made after May 1, 1972, are indeed applicable in this case. However, it is evident that the Referee and Board, laboring without the aide of our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), failed to grasp the effect of these amendments on their respective duties.

Appellate review of such a situation is indeed difficult.

[3] The specific amendments interpreted by us were Act No. 12 of 1972, enacted February 8, 1972, and Act No. 61 of 1972, enacted March 29, 1972, amending Section 423, 77 P.S. §854.

305 A. 2d at 761. Of course, the Board may also consider whether any conclusion of the Referee constitutes an error of law.

An examination of the meager findings by the Referee discloses that it is apparent that he questioned the Claimant's credibility on the basic issue, that is to say whether Claimant injured herself at Hotel in the course of her regularly assigned duties on the night in question.[4]

The Board, after its own independent review of the record, determined that Claimant's testimony, when coupled with "the testimony of Dr. Barrent, Claimant's treating physician, *is both competent and credible* to sustain the Claimant's burden of proof that she did, in fact, experience an injury which resulted in disability to her." (Emphasis supplied.)

Since *Universal Cyclops v. Krawczynski, supra,* has enlightened us, we find that the Board here has trespassed into the Referee's credibility arena. Although the Board, and for that matter this Court, may not agree with the weight given to the inconsistencies attributed to the Claimant in this case, we are bound by the Referee's judgment.

Nor can this Court, in its review, realistically say that the findings of fact made by the Referee were not supported by substantial competent evidence. Claimant failed to produce any witness who could corroborate her story. In fact, two of the troupe performing

---

[4] The Referee's second through fourth findings of fact detail apparent (at least to him) inconsistencies in Claimant's description of the happening. The fifth and last finding of fact concludes that the Claimant "has failed to meet her burden to establish that she suffered an accident compensable under the provisions of the Workmen's Compensation Act."

This indicates to us that the Referee critically questioned Claimant's credibility as to whether an accident did take place and/or how it occurred.

that night testified that they did not see Claimant slip, and one dancer had the impression that Claimant had hurt her ankle while moving furniture at her residence. In addition, we found that the testimony of Claimant's doctor was conspicuously laced with equivocal pronouncements.[5]

In conclusion, we find that the Board erred in substituting its own findings of fact for those of the Referee, and accordingly, we must reverse the Board and enter the following

ORDER

Now, this 8th day of November, 1973, the Order of the Workmen's Compensation Appeal Board dated March 28, 1973 is hereby reversed and the claim of Patricia Bock is dismissed.

---

[5] There is also a question raised concerning a pre-existing back condition but since we are reversing the Board, we feel it is unnecessary to discuss this issue.