Aluminum Company of America, Appellant, *v.* Daniel E. Theis, Appellee.

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John B. Barbour,* with him *McVey and Barbour,* for appellant.

*Walter F. Mauersberg,* with him *John W. McIlvaine,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 30, 1974:
This is an appeal by Aluminum Company of America (Alcoa) from a decision of the Court of Common Pleas of Westmoreland County which affirmed an adjudication of the Workmen's Compensation Appeal Board (Board) which had dismissed Alcoa's petition to terminate a supplemental compensation agreement for the total disability of Daniel E. Theis (Theis). We affirm.

The pertinent facts are that on December 12, 1966, Alcoa and Theis entered into a compensation agreement following an accident suffered by Theis in the regular course of his employment on March 15, 1960. Compensation was set at $42.50 per week, commencing December 7, 1966. In describing the accident, the compensa-

tion agreement provided: "On December 10, 1959, Mr. Theis incurred a laceration to his left hand when it slipped off a wrench and struck a grinding wheel. On March 15, 1960, he complained of low back pain, traceable to the wrench accident. He was treated for back pain intermittently until he was hospitalized November 29, 1966. Herniated vertebral disc."

Theis returned to work on April 3, 1967 and executed a final receipt the next day acknowledging his return to work without disability. The parties entered into a supplemental compensation agreement on November 15, 1967, however, wherein it was agreed that Theis was "[r]ehospitalized for further surgery—herniated vertebral disc" on October 10, 1967. This agreement provided that benefits for total disability be reinstated to October 30, 1967.

Alcoa filed the instant termination petition on February 2, 1970, claiming that Theis' continuing disability had ceased to be work related. Two hearings were held by the Referee on this petition in 1971. At the first, the only medical witness, Dr. Reese Owens, testified that he had performed surgery on Theis in 1967 consisting of a laminectomy, decompression, and excision of degenerative disc at L4 and 5, which confirmed his diagnosis of spinal stenosis brought on by arthritic changes of a hypertrophic nature. From his examination and operative findings, Dr. Owens was of the opinion that Theis' back condition was no longer related to the industrial accident he suffered in 1959 or 1960, but rather was of an arthritic nature coupled with Theis' weight and posture problems. At the second hearing, Theis entered the report of a doctor who treated him in 1966, which stated that Theis injured his back in 1960, and the parties hereto stipulated that Theis is now totally disabled as a result of his back condition.

The Referee denied the termination petition on July 29, 1971, finding that Alcoa had failed to sustain its

burden of proving that Theis' disability had ceased to be work related. Without taking additional evidence, the Board affirmed the decision of the Referee on May 11, 1972, and the Court of Common Pleas of Westmoreland County dismissed Alcoa's appeal.

Alcoa, as the party petitioning to terminate the open compensation agreement, has the burden of proving that Theis is no longer entitled to disability compensation, i.e., that the injuries Theis sustained in 1959 and 1960 are no longer causative of his present total disability. *Penn Paper and Stock Company v. Pohar,* 9 Pa. Commonwealth Ct. 250, 305 A. 2d 740 (1973) ; *John B. Kelly Company, Inc. v. Davis,* 8 Pa. Commonwealth Ct. 589, 303 A. 2d 255 (1973). And where, as here, the decision of the Board is against the party bearing the burden of proof, our review is limited to a determination of whether the findings of fact of the Referee[1] are consistent with each other and with the Board's conclusions of law and can be sustained without a capricious disregard of substantial competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973) ; *Falk's Food Basket v. Transue,* 8 Pa. Commonwealth Ct. 614, 304 A. 2d 528 (1973). "To constitute a capricious disregard there must be a wilful and de-

---

[1] The decision of the Workmen's Compensation Appeal Board in the instant case postdated the effective date of the 1972 Amendments to Section 423 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §854, and thus our decision in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973) is applicable. We also note that since the decision of the Board was filed after April 10, 1972, the effective date of Act 12, this appeal should have been taken directly to the Commonwealth Court instead of the Court of Common Pleas of Westmoreland County (77 P.S. §872). In light of the lower court's failure to transfer the appeal to this Court and our disposition of the substantive issues involved, however, we do not here quash the appeal.

liberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Brown v. Atlantic and Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 483, 279 A. 2d 372, 373 (1971); *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board, supra.*

It is Alcoa's position on appeal that, since the only medical testimony relative to Theis' present condition was related by its expert witness, the Referee capriciously disregarded competent evidence in finding that Alcoa had not proven that all disability resulting from the 1959 and 1960 accidents had ceased. This contention, however, overlooks the principle, firmly established in compensation cases, that the finder of fact need not accept medical testimony, even though the testimony is uncontradicted. *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973); *Lowery v. Pittsburgh Coal Company,* 216 Pa. Superior Ct. 362, 268 A. 2d 212 (1970). It is the function of the Referee in this case, and not that of appellate courts, to determine the credibility of and weight to be given the testimony of medical experts. *Stringe v. S & S Maintenance Company,* 8 Pa. Commonwealth Ct. 619, 303 A. 2d 874 (1973); *Connolly v. Campbell,* 8 Pa. Commonwealth Ct. 99, 301 A. 2d 109 (1973).

After a careful review of the entire record, we think it is apparent that the Referee did not disregard Dr. Owen's testimony, but rather gave it lesser weight than Alcoa would urge upon him. In his discussion of the case, the Referee was careful to note that Dr. Owens admitted that he could not tell from the condition of the affected disc or the surrounding matter whether Theis' bad back was the result of arthritic degeneration or trauma. Moreover, both the Referee and the Board properly weighed Dr. Owens' testimony against the admission of Alcoa (contained in the 1966 Compensation

Agreement) that Theis suffered a herniated vertebral disc traceable to an accident sustained by Theis in the regular course of his Alcoa employment. That an admission such as is found in a compensation agreement is competent evidence to be considered by the Referee and Board when deciding a termination petition is not in doubt. *Crucible Steel Company of America v. Skwarko,* 9 Pa. Commonwealth Ct. 269, 306 A. 2d 395 (1973); *Fehr v. YMCA, Pottsville,* 201 Pa. Superior Ct. 107, 192 A. 2d 143 (1963). That such evidence should be persuasive of the question of the cause of Theis' continuing disability was for the Referee, as the finder of facts, to determine as he weighed all the evidence presented to him.

As we find neither errors of law nor a capricious disregard of substantial competent evidence, we enter the following

### ORDER

AND NOW, this 30th day of January, 1974, it is hereby ordered that judgment be entered in favor of Daniel E. Theis and against Aluminum Company of America for all unpaid compensation for total disability at the rate of $42.50 per week, commencing on October 30, 1967, together with interest at the rate of six percent (6%) per annum on deferred installments from the date due to the date paid, and continuing for an indefinite period, all within the terms and limits of the Pennsylvania Workmen's Compensation Act, and the petition of Aluminum Company of America to terminate compensation is denied and its appeal dismissed.