Tioga Textiles Associates, Inc. and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Mary D. Thomas, Appellees.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Robert O. Beers,* with him *Anderson, Ports, May & Beers,* for appellant.

*Wilson H. Oldhouser,* for appellee, Thomas.

Opinion by Judge Crumlish, Jr., May 17, 1974:

On September 18, 1968, Mary D. Thomas (Claimant) was struck at the base of her spine by an iron lay while in the regular course of her employment as a battery hand for Tioga Textiles Associates, Inc. (Employer). A compensation agreement was subsequently reached which admitted a work-related injury to Claimant's back, and provided for weekly total disability payments of $44.00, commencing January 27, 1969, and medical expenses, all within the limits of the Pennsylvania Workmen's Compensation Act.[1]

Employer's initial termination petition was dismissed by a referee after a hearing. No appeal was taken. A second termination petition was filed July 30, 1970. The previously presiding referee heard the testimony of employer's doctor witness who testified that x-rays and examination in June 1970 revealed that Claimant's persisting disability no longer was related to her back injury, but was the result of a rheumatoid arthritic affliction of the right sacroiliac joint. Being satisfied with this testimony, the referee granted employer's termination petition, and found that all industrial accident disability suffered by Claimant ended June 23, 1970.

The Workmen's Compensation Appeal Board (Board) on appeal vacated the determination of the referee and remanded[2] the case for the appointment

---

[1] Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq.

[2] This remand was pursuant to Section 419 of the Workmen's Compensation Act, Act of February 8, 1972, P. L.     , No. 12, 77 P.S. §852, which allows the Board to either (1) have the referee hear the additional testimony as an agent for the Board and simply report the testimony to the Board, which would then make its own findings of fact; or (2) for the referee to make its own findings of fact based on the additional evidence taken. Although this functional differentiation is critical to our resolution of the case, as will become evident, we have concluded that the remand here

of an impartial medical expert whose testimony was taken by a second referee. The expert testified that at the time of his examination on June 27, 1972, he could find no objective symptoms of rheumatoid arthritis. Rather, he found Claimant to have a 10% disability attributable to her back injury of September 18, 1968. Notwithstanding this record, the second referee again allowed employer's termination petition. His decision incorporated the findings of fact of the first referee, and, also found on the basis of the impartial expert's report that claimant's disability was "most likely based on a pre-existing rheumatoid arthritic condition, not aggravated by the aforesaid work-related accident."

Claimant again appealed to the Board which, on June 13, 1973, without taking additional evidence, reversed the referee. The Board set aside the second referee's findings of fact which related to the report and testimony of the impartial medical expert, and found that Claimant was still industrially disabled. Accepting the impartial medical expert's opinion, the compensation agreement was modified, however, to reflect the change in Claimant's disability from total to 10%. From this decision, Employer now comes to us.

It is acknowledged that as the party petitioning to terminate the compensation agreement, the Employer has the burden of proving that Claimant was either no longer disabled or that her continuing disability was no longer a product of her industrial injury. *Aluminum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974) ; *Penn Paper and Stock Company v. Pohar,* 9 Pa. Commonwealth Ct. 250, 305 A. 2d 740 (1973). And where, as here, the decision of the Board is against the party with the burden

---

was for the referee to make findings of fact and not merely to report the additional testimony to the Board, and it was so construed by the referee and the Board.

of proof, our review is limited to a determination of whether or not the findings of fact are consistent with one another, and with the Board's conclusions of law, and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

The decision of the Board in the instant case, however, was well after the effective date of the 1972 Amendments to Section 423 of the Workmen's Compensation Act, which significantly limited the Board's power to review and set aside factual determinations made by a referee. In *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), we held that under the amended provision the referee is no longer an agent of the Board, and that, unless the Board takes and considers new evidence, the Referee, not the Board, is the ultimate fact finder, who determines questions of credibility and the evidentiary weight. In such a situation, the Board as well as this Court must rely on the facts found by the referee if they are supported by sufficient competent evidence. *Edison Hotel v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 101, 312 A. 2d 492 (1973); *Barnold Shoes, Inc. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 73, 308 A. 2d 189 (1973).

Applying this standard to the instant case, we find the Board misconstrued its scope of review when it vacated the determination of the second referee. We would agree that this referee either totally misunderstood or misinterpreted the report and the testimony of the impartial medical expert, and thus the Board properly disregarded these findings as reflecting a capricious disregard of competent evidence. The Board, however, apparently overlooked the incorporated findings of fact of the first referee which referred to the

opinion of the first doctor who testified that Claimant's disability was arthritic-inspired. We find the findings of fact of the first referee to be supported by competent evidence and therefore bind the Board. Confronted with these contradictory findings, which only can be resolved by a determination of the credibility and weight to be given the conflicting testimony of the two doctors, the case must be remanded to the Board. It then may either hear the testimony of the first doctor itself and determine its credibility and weight relative to that of the impartial expert; or remand the case to the second referee with instructions that he reconsider the testimony of the impartial expert, and weigh the testimony accordingly.

Therefore, we enter the following

### ORDER

Now, May 17, 1974, the decision of the Workmen's Compensation Appeal Board is reversed, and the record is remanded to the Board for proceedings consistent with this opinion.

