Workmen's Compensation Appeal Board and Anthony Trangle, Appellees, *v.* Mushroom Transportation Company and Royal Indemnity Company, Insurance Carrier, Appellants.

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Robert C. Little,* with him *Burns, Manley & Little,* for appellants.

*W. Robert Ament,* with him *Norman G. Haywood* and *James N. Diefenderfer,* for appellants.

OPINION BY JUDGE MENCER, March 27, 1975:

This is an appeal by Mushroom Transportation Company and Royal Indemnity Company (appellants) from an order and opinion of the Workmen's Compensation Appeal Board (Board) affirming a referee's order which had dismissed appellants' termination petition for the total disability of Anthony Trangle (Trangle). We affirm.

The pertinent facts in this case reveal that, on March 8, 1971, Trangle, while in the scope of his employment in New York, fell on ice and snow and injured his hip.[1] An open compensation agreement was entered into whereby Trangle was paid compensation intermittently from March 9, 1971 to May 8, 1973. On September 11, 1973, appellants filed a petition for termination of this agreement, alleging that as of May 8, 1973 Trangle had returned to work without any loss of wages and was no longer injured.

At the hearing Trangle testified that when he fell and broke his hip he also struck his knee several times on the ground as he attempted to get up. After a successful hip operation and recuperative period, Trangle returned to his job as an "over the road" truck driver in March 1972. Although he experienced discomfort with his knee, he was able to continue in that capacity with the aid of medication until August. He was then transferred to "in-city" work which required considerable walking and lifting. The additional physical demands placed on Trangle led his physician and the insurance carrier to request light duty assignments from the employer. Meanwhile, his knee deteriorated because of the continued

---

1. Trangle was an interstate truck driver, and his employer's home office was in McKees Rocks, Pennsylvania.

stress that was placed upon it when performing the duties of the job. In September 1973 he was discharged by his employer because he was incapable of performing the heavier duties. Unrebutted testimony was introduced as to the fitness of Trangle's knee prior to the fall.

Dr. Ted K. Encke, an orthopedic surgeon, testified on behalf of appellants. Dr. Encke was Trangle's attending physician and had treated him continuously since the hip operation and recalled that when Trangle returned to his job he began to experience pain in his knee and that he had instructed him not to lift heavy objects. Dr. Encke also recalled Trangle's informing him that when he fractured his hip he also fell on his left knee. The physical condition of the knee clearly indicated that Trangle could not flex his knee completely and that the knee was unstable. When confronted with the question of whether or not the accident of March 8, 1971 was causally related to the condition of Trangle's knee, Dr. Encke was unable, upon either direct examination or cross-examination, to say with certainty whether the accident was or was not the cause of Trangle's problems. In fact, he admitted that the accident "could have possibly been a cause of his knee problem." Appellants offered no evidence to establish available employment for claimant in the labor market.

Appellants, as the parties petitioning to terminate the agreement, have the burden of proving that Trangle is no longer entitled to disability compensation. *Aluminum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974) ; *Penn Paper and Stock Company v. Pohar,* 9 Pa. Commonwealth Ct. 250, 305 A. 2d 740 (1973). And where, as here, the decision is against the party bearing the burden of proof, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Aluminum Company of America v. Theis, supra.*

180

Our careful examination of the record clearly shows that appellants did not meet their burden. In fact, a reading of the briefs and record reveals that appellants mistakenly proceeded under the premise that Trangle bore the burden in this termination case. Further, the testimony of Dr. Encke, appellants' only medical witness, is indecisive and in fact supports Trangle's argument as to the connection between the accident and the disability. In no manner can Dr. Encke's testimony be said to support a negative ruling concerning the causal connection. In fact, the record is devoid of any evidence that would be necessary to support the petition. As we find neither errors of law nor a capricious disregard of competent evidence, we enter the following

ORDER

And now, this 27th day of March, 1975, the order of the Workmen's Compensation Appeal Board filed June 19, 1974, affirming a referee's denial of Mushroom Transportation Company's termination petition, is hereby affirmed.