Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Adelia Mialka *v.* F. W. Woolworth Company, Appellant.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

414

*James P. Lay*, III, for appellant.

*Richard H. Scobell*, with him *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE ROGERS, June 2, 1975:

This is the appeal of F. W. Woolworth Company and its insurance carrier from an order of the Workmen's Compensation Appeal Board (Board): affirming the referee's denial of appellants' petition to terminate a compensation agreement with Adelia Mialka.

Ms. Mialka was injured on June 8, 1968 when, while working as a salesclerk in one of the employer's retail stores, a glass shelf fell, striking and cutting the back of her right hand. A compensation agreement was entered into by the employer, its insurance carrier and Ms. Mialka providing for total disability payments of $40.20 per week, commencing as of August 19, 1968, and for medical and hospital expenses within the limits prescribed by the Workmen's Compensation Act.[1] On May 26, 1970, the appellants filed a petition for termination in which they asserted the cessation of Ms. Mialka's accident-related disability as of February 6, 1970. At the referee's hearing in August, 1971, Ms. Mialka testified as to the occurrence of the accident, the eight doctors she had visited for treatment, the treatment received and the involuntary, incessant, and unabated flapping of her right wrist and hand which had begun during therapy treatment for her injury. The appellants adduced the testimony of one of Ms. Mialka's treating physicians, Dr. Mainzer, a neurological surgeon, who had examined the claimant on February 6,

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

1970, the date as of which appellants allege Ms. Mialka's disability terminated. Dr. Mainzer described Ms. Mialka as totally disabled but said he could find no organic cause for her condition. He suggested the possibility of a psychosomatic problem but disclaimed any expertise in that field.

The referee denied the prayer of the petition for termination, finding that the medical testimony established that the flapping was psychosomatic and that it was as a result of Ms. Mialka's accident of July 8, 1968. The Board affirmed and noted that the carrier had failed to meet its burden of proof by offering no medical testimony to divorce the flapping from the July 8th injury. Appellants have appealed, principally on the asserted ground that the referee's findings relating the flapping to the accident are not supported by competent evidence.[2]

Section 413 of the Workmen's Compensation Act, *as amended,* 77 P.S. §772 (Supp. 1974-1975), provides the statutory authority for termination of a compensation agreement. Thereunder, an employer and its carrier petitioning for termination have the burden of proving that disability has ". . . temporarily or finally ceased. . . ." *See Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974) ; *Penn Paper and Stock Co. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 250, 305 A.2d 740 (1973). The burden is considerable, for disability is presumed to continue until demonstrated otherwise. *Lackman v. F. W. Woolworth Company,* 205 Pa. Superior Ct. 129, 208 A.2d 33 (1965) ; *Fox v. American News Co.,* 190 Pa. Superior Ct. 74, 151 A.2d 670 (1959).

---

2. Appellants misapprehend our scope of review. It is only in cases where the party with the burden of proof is successful below that our review focuses on whether the necessary findings of fact are supported by substantial evidence. *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974).

Where, as here, the referee's decision is adverse to the party with the burden of proof and the Board has taken no additional evidence, our task is to determine whether, reviewing the facts in a light most favorable to the party who prevailed below, the referee's findings are consistent with one another and with the conclusions of law and the order in the case and whether the findings can be sustained without a capricious disregard of competent evidence. *Pomeroy's, Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974) ; *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973). *See generally Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The employer and its carrier simply failed to carry their burden of proof. As they note in their brief, Dr. Mainzer "never testified that in his opinion it [the flapping] was related [to Ms. Mialka's injury]." Nor did he say it was unrelated. Having presented no proof of the absence of causal connection between the injury and the flapping of the appellee's right hand, the appellants were required to demonstrate cessation of the disability in order to prevail. Their only showing in this regard was that no organic cause can be found for the flapping. This was wholly inadequate. *See, e.g., Pomeroy's, Inc. v. Workmen's Compensation Appeal Board, supra; Fox v. American News Co., supra.*

Ms. Mialka aptly cites the following language from *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A.2d 668 (1968), in support of affirmance of the instant referee's crucial findings:

"A finding that is completely unsupported by competent evidence does not capriciously disregard competent evidence if there is not competent evidence to support a contrary finding." 431 Pa. at 451, 246 A.2d at 671.

ORDER

AND NOW, this 2nd day of June, 1975, the order of the Workmen's Compensation Appeal Board is affirmed and F.W. Woolworth Company and Travelers Insurance Company, its insurance carrier, are directed to pay to Adelia Mialka, compensation for total disability at the rate of $40.20 per week, as per the compensation agreement of the parties of August 23, 1968, beginning as of May 22, 1970 and continuing thereafter during total disability; together with interest at the rate of six (6%) percent per annum on all unpaid installments from the due date thereof.