Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Charles Daroszewski *v.* Pennsylvania Hospital and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellants.

Argued October 10, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Howard M. Ellner,* with him *John F. McElvenny,* for appellants.

*Richard C. Ferroni,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, December 3, 1975:

Appellants have filed a modification petition alleging that appellee-claimant's disability had resolved itself into a specific loss of the lower right leg and that total disability had ceased. Appellants acknowledge that they have the burden of proof on this issue. The referee found against the appellants on the basis that appellee-claimant had suffered a back injury as well as the injury to his foot. The specific findings were:

"2. Claimant, in addition to the injury stated in the compensation agreement between the parties when he fell three stories to the ground and after surgery and infection following the surgery, sustained the loss of the right leg by amputation below the knee. He also sustained a severe injury to his back involving a herniated vertebral disc at L-4, L-5 and chronic low back pain with radiculopathy, from which he is totally disabled.

"3. Claimant's injury having involved other areas of his body which are in themselves disabling, the defendant has failed to establish that the injury sustained by claimant was and is confined to his claimant's right leg and right foot."

Very briefly stated, the facts are that appellee-claimant, while washing windows on the third floor of a hospital, fell to the ground. This occurred on November 3, 1966, and for some two and a half years efforts were made to save appellee-claimant's foot. However, infection followed surgery and amputation became necessary in April of 1969. The petition for modification was filed in September of 1969.

Appellants offered the medical testimony of one physician who testified that based on the fact that appellee-claimant had not complained of pain in his back at the time of the injury or during the treatment until after the amputation, he found no connection between the appellee-claimant's admitted present disabling back condition and the fall. This is appellants' entire case to sup-

port their burden. This entire case falls on the testimony of appellee-claimant alone when he testified that, in fact, he did complain of pain in his back and complained many times. When the referee chose to believe appellee-claimant that he complained, then appellants' medical testimony falls and, obviously, they have not carried their burden.

No good purpose would be served by discussing at length appellee-claimant's medical testimony that the back injury was the result of the fall. If appellee-claimant had had the burden, perhaps this testimony might not meet the standard required of medical testimony in such circumstances. See Washko v. Ruckno, Inc., 180 Pa. Superior Ct. 606, 121 A.2d 456 (1956). Appellee-claimant's one doctor did use the word "could" when referring to the causation between the three-story fall and the back injury. However, he also responded to the follow-up question of whether his opinion of causation was based on "reasonable medical certainty" with the affirmative, positive, and unqualified one word, "yes."

We do not agree as appellants would persuade us that the testimony of appellee-claimant's other medical expert was not competent to support the findings of the referee. Since we hold that appellants have not met their burden, this question becomes moot. Judge CRUMLISH, in his opinions for this Court, in Aluminum Co. of America v. Theis, 11 Pa. Commonwealth Ct. 587, 314 A.2d 893 (1974), and Irwin Sensenich Corp. v. Workmen's Compensation Appeal Board, 15 Pa. Commonwealth Ct. 518, 327 A.2d 644 (1974), has discussed fully the law with regard to the burden in modification petitions and the weight to be given referee's findings. Further discussion is unnecessary.

Accordingly, we enter the following

ORDER

NOW, December 3, 1975, the order of the Workmen's Compensation Appeal Board, dated January 6, 1975, dismissing the petition for modification, is affirmed.