Motor Truck Owners Conference, Inc., Petitioner
*v.* Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board and Paul Shettel,
Respondents.

Argued September 15, 1978, before Judges MEN-
CER, BLATT and MacPHAIL, sitting as a panel of three.

*Philip D. Freedman,* with him *Caldwell, Clouser &
Kearns,* for petitioner.

*Bruce D. Foreman,* with him *Melman, Gekas, Nich-
olas and Lieberman,* and *James N. Diefenderfer,* for
respondents.

OPINION BY JUDGE BLATT, November 6, 1978:
Motor Truck Owners Conference, Inc., (employer)
is appealing from a decision of the Workmen's Com-
pensation Appeal Board (Board).

On May 30, 1973, Paul Shettel (claimant) was injured in the course of his employment when he fell from a ladder as he was unloading a truck and a portable sewing machine landed on his chest. A notice of compensation payable was executed by the employer indicating the nature of the injury as "torn ligaments of back," and the employer later filed a petition for termination alleging that the claimant had recovered from the back injury. The referee found, however, that the claimant continued to be totally disabled, noting that competent medical testimony indicated that the claimant, in addition to the torn ligaments of the back, suffered from a hiatal hernia and an ileocecal valve syndrome as a result of the accident. The referee dismissed the petition, and on appeal the Board affirmed.

The employer argues here that the claimant has not met the burden of showing a causal connection between the hernia and ileocecal valve syndrome and the accident. At oral argument before this Court, however, the employer's counsel conceded that, if the burden of proof is on the employer, in this case, the employer cannot prevail in this appeal. We agree. And we believe that the burden was on the employer here to show lack of causal connection. *See McGee v. L. G. Grammes & Son, Inc.*, 477 Pa. 143, 383 A.2d 864 (1978); *Workmen's Compensation Appeal Board v. Pennsylvania Hospital*, 22 Pa. Commonwealth Ct. 168, 348 A.2d 159 (1975).

We therefore affirm the decision of the Workmen's Compensation Appeal Board.

### Order

And Now, this 6th day of November, 1978, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed, and judgment is entered in favor of Paul Shettel and against

Motor Truck Owners Conference, Inc., denying its petition for termination and ordering that it resume payment of benefits to the claimant at the rate of $100.00 per week for so long as the claimant's disability shall exist. It is further ordered that Motor Truck Owners Conference pay the following medical and hospital expenses incurred by the claimant as a result of his injury of May 30, 1973:

| | |
|---|---|
| Dr. Galen E. Keeney | $ 6.00 |
| Riverside Hospital | $ 35.50 |
| Dr. S. M. Gamber | $ 743.00 |
| Dr. John R. Groh | $ 25.00 |
| Milton S. Hershey Medical Center | $ 86.00 |
| A. Z. Ritzman Associates, Inc. | $ 109.00 |
| Dr. Michael M. Gedulig | $ 305.00 |
| Polyclinic Hospital | $ 10.00 |
| Harrisburg Hospital | $ 58.75 |
| Dr. John J. Bennett | $ 35.00 |
| Keystone Artificial Limb and Orthopedic Co. | $ 43.00 |
| Drs. Thorsen and Mackenzie | $ 240.00 |
| Drs. Waltz and Bixler | $ 30.00 |
| York Hospital | $2101.05 |
| Dr. William H. Pfeffer | $ 82.50 |
| Drs. Hoover and Menchy | $ 105.00 |
| Dr. Earl L. Bernstine | $ 191.00 |
| Paul Shettel, Claimant | $ 37.60 |

Miscellaneous Prescriptions

Accrued compensation shall bear the statutory interest rate of ten percent. It is also further ordered that the claimant submit to a medical examination as directed by the Workmen's Compensation Appeal Board.