Daniel M. Axelrod, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Daniel M. Axelrod,* petitioner, for himself.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Craig, February 3, 1983:

In this appeal by claimant Daniel Axelrod from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review, the only question is whether the employer actually discharged the claimant, or the claimant instead resigned from his position as a consulting engineer with the employer, United Engineers.

From the record of the hearing, at which no witness appeared on behalf of the employer, we first note the claimant's testimony that, on two occasions, June 16 and August 1, 1980, a supervisor told him that he "should" get a job, or another job; we agree with the referee, whom the board affirmed, that those remarks constituted neither a discharge nor compelling cause for a voluntary quit.

Our decision depends upon later events. After August 1 of 1980, the claimant apparently began a leave

of absence to pursue his independent candidacy for the office of President of the United States. Then followed some correspondence which is determinative:

Under date of September 19, 1980, United Engineers wrote a letter to the claimant seeking contact with him, stating that the writer "would appreciate your call one day early next week."

By letter of September 21, the claimant answered with a letter suggesting written communication but forbidding the company correspondent to "call or communicate verbally until I designate otherwise. . . ." (Apparently, the claimant's view was that oral communication, in the circumstances, could impair the independence of a presidential candidate.)

The next exhibit admitted into the record by the referee was a letter from the employer dated September 25, stating:

Please be advised that effective Friday, September 26, 1980 your leave of absence will have expired and you will be terminated from United Engineers.

A check in the amount of $451.18 representing full and final payment of all monies owed you by the company is enclosed.

We would also like to take this opportunity to thank you for your past contributions to the success of the company and to wish you the best in your future endeavors.

Inexplicably, thereafter, by letter dated October 1, the claimant wrote to the company:

In the absence of your written response, and because of what is to come, I hereby formally notify you of my change in status from indefinite leave of absence to resignation.

The claimant asked that the company forward his belongings and concluded his letter with a statement that

his responsibilities and capabilities had outgrown the assignments and contraints of the employer's division. In a subsequent letter of October 11, the claimant acknowledged receiving certain personal effects, "as requested in my October 1 letter of resignation."

The board, like the referee, adopted a finding that the claimant voluntarily resigned on October 1, 1980. The board decision, like that of the referee, makes no mention of the employer's September 25 letter, which flatly informed the claimant that he "will be terminated" from United Engineers "effective Friday, September 26, 1980. . . ."

Obviously, the claimant's October 1 resignation was meaningless and could not be the basis for a voluntary quit determination if the record supports a finding that the company had terminated him five days earlier. The record does not enable us to deduce whether the claimant's October 1 letter constituted a "you-can't-fire-me-I-quit" response or simply an indication that he had not received the company's termination letter by that date. However, board counsel has not supplied us with any basis for giving effect to a "resignation" submitted after the employer had definitively terminated the employment relationship.[1]

The present case is different from the situation in *Greif v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 437, 450 A.2d 229 (1982), where the employer's termination letter was simply a recognition of the claimant's earlier statements which, pursuant to a credibility determination, were deemed to express a voluntary quit.

---

[1] We do not regard the employer's separation information form submitted to the Office of Employment Security to be determinative, but we note that the employer on that form, in addition to alleging a voluntary quit by the claimant, stated September 26, 1980 as the claimant's last day on the payroll, not October 1, the date of the alleged resignation.

Here the employer exercised its undoubted power to discharge the claimant from his employment at will. The discharge thus being made effective at that point, the later time at which the claimant received the discharge notice—before or after his "resignation" letter —is immaterial, and board counsel has cited no authority suggesting that the discharge could take effect only when the claimant received the letter.

Nor are we persuaded by the claim, first conceived by board counsel upon appeal, that the employer's September 25 letter should be disregarded as "hearsay." The referee, without indicating any doubt as to its authenticity, admitted it into the record and correctly so, in view of its acceptability at least as a party admission.

Recognizing the capricious-disregard-of-evidence standard of review applicable here,[2] we must conclude that the board had no basis whatsoever to disregard the written evidence in the record, consisting of the employer's unquestioned pink-slip letter fixing the September 26 termination date and conveying salary payment to that date. Although the board's omission with respect to that evidence was doubtless due to inadvertence, we must reverse and remand for computation of benefits.

---

[2] With the claimant here having the burden of proving that his departure was not voluntary, *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 525-26, 367 A.2d 366, 369 (1976), and having not prevailed before the board, our scope of review is limited to determining whether the conclusions can be sustained without a capricious disregard of competent evidence. *Aluminum Co. of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 590, 314 A.2d 893, 895 (1974). Of course, we have defined "capricious disregard" to mean a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence would not possibly have disregarded in reaching a conclusion. *Potts v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 407, 410, 406 A.2d 585-86 (1979).

542

### Order

Now, February 3, 1983, decision No. B-195626 of the Unemployment Compensation Board of Review, dated May 28, 1981, is reversed, and this case is remanded for computation of benefits.