Olivetti Corporation and Aetna Casualty & Surety Company, Petitioners *v.* Workmen's Compensation Appeal Board (Daphne E. Robinson), Respondents.

Argued May 9, 1983, before Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Edward H. Jordan, Jr.,* with him *Joseph P. Hafer, Thomas & Thomas,* for petitioners.

*Joseph M. Melillo, Benjamin & Angino, P.C.,* for respondents.

OPINION BY JUDGE ROGERS, July 21, 1983:

Daphne Robinson, the claimant in this workmen's compensation case, worked for Olivetti Corporation on an assembly line where she used both hand and powered screw drivers in the assembly of typewriters.

She experienced disabling pain in her arm or shoulder and her employer filed an original and an amended notice of compensation payable. Only the amended notice is in the record certified to us. This records that the claimant was injured on March 2, 1977, that she was disabled as of March 8, 1977, and that the nature of the injury was tendonitis of the left arm. In June, 1977, the employer filed a petition for termination stating that the "claimant has fully recovered from tendonitis of left arm and is able to resume without limitation her previous occupation." This was accompanied by a doctor's affidavit that the claimant had fully recovered from her injury, to wit, "work related tendonitis left arm," and further that she was "able to resume without limitation her previous occupation."

The matter of the petition for termination came on for hearing by a referee in August, 1977, at which the claimant appeared without counsel. The employer appeared by counsel with a lay witness who described the claimant's work as consisting of assemblying typewriters by joining parts with screws and in so doing lifting or moving the parts about her work place. The claimant testified that she could not at the time she testified pick things up with her left hand and arm; that she had no grip in the left hand; that she had a tingling sensation and pain in her arms and hands; that a doctor had told her that she was afflicted with chronic tendonitis; and that she had consulted physicians on account of pain in both arms and wrists.

At the conclusion of the hearing the employer's counsel was given leave to take and file the deposition of a company doctor. The deposition was taken but the claimant did not appear. The doctor testified on deposition that he saw the claimant on April 27, 1977; that he made a physical examination; that the claimant had tendonitis about the tendons on the front area of the left shoulder; that x-rays failed to reveal any bone or joint abnormalities; that he diagnosed tendonitis of the shoulder and upper arms; that tendonitis is an inflamation of the tendons by repetitive use of the shoulder; that he injected cortisone; that he saw the claimant again on May 23, 1977, when she was pain-free as far as her left shoulder was concerned but that she had some remaining pain in the areas of the lower part of the arm about the outer side of the left elbow which he injected; that he saw the claimant again May 31, 1977, at which time her left arm was free of symptoms but "that now she had begun having trouble on the right side;" and finally, that it was his opinion that the claimant was capable of returning to work.

The referee by decision dated September 22, 1977, found that the claimant was able to return to work

without further disability on June 6, 1977, and ordered termination of compensation.

The claimant obtained counsel who appealed her cause to the Workmen's Compensation Appeal Board. The Board vacated the referee's order and remanded the record for another hearing at which the claimant might be represented by counsel. The employer has raised no question as to the propriety of the Board's action.

At the new hearings the claimant, now represented, testified that she used air guns and hand tools in screwing the parts of typewriters together and that she lifted and pushed the parts of the machines at her work station; that the air guns sometimes flew off the typewriter assemblies and twisted her wrists; that her wrists and fingers hurt and swelled; and that doctors, other than the orthopedic doctor, who had been deposed, had treated her. The deposition of one of the claimant's treating physicians was admitted. This doctor testified that he saw the claimant on July 26, 1977; that she was then complaining of pain in both arms and that her fingers felt numb; that she told him she injured her left arm in March, 1977, and received injections from another doctor; that she described her work; that he examined her and found that she had a limitation of motion in the right arm and a weak grasp; that he had nerve studies done which produced findings compatible with bilateral carpal tunnel syndrome of both hands; that he saw the claimant again on August 5, 1977, and that she indeed had carpal tunnel syndrome; that carpal tunnel syndrome is an affliction of the nervous system causing a narrowing of the tunnel through which nerves and blood vessels pass from the arm to the hand; and that in his opinion the claimant's condition was the result of trauma done her hands and wrists in the use, in her employment, of screwdrivers and airpowered machines. He then testi-

fied that he treated the claimant with medication, and that finally he referred her to an orthopedic surgeon and an operation was performed on both wrists for the carpal tunnel syndrome. On cross-examination he testified that another physician with whom he conferred spoke of seeing other cases of carpal tunnel syndrome in employees of the claimant's employer. The employer adduced no evidence at the second hearing.

The referee again found that the claimant suffered an injury on March 2, 1977; that her disability after June 6, 1977, is not causally related to the injury to her left shoulder on March 2, 1977; and that she was able to return to work on June 6, 1977, without further disability from the injury to her left shoulder on March 2, 1977. He concluded that the employer had carried its burden of proving "the basis for termination of compensation agreement" and again ordered termination of compensation.

The Board reversed the referee's order. It held the employer had not produced evidence sufficient to carry its burden of establishing that the claimant's disability resulting from her work-related injuries had ceased. On May 5, 1981, the Board ordered compensation to continue. On March 11, 1982, after reconsideration, the Board suspended compensation as of February 29, 1979, the date on which the claimant had gone back to work without loss of earnings. We affirm the Board's order of May 5, 1981, as modified by its order of March 11, 1982.

The referee fell into error by focusing only on the employer's narrow description of the time and nature of the claimant's injury. The employer, it will be remembered, recorded in the notice of compensation payable that the date of injury was March 2, 1977, and that the injury was tendonitis of the left shoulder. The record contains no evidence of a particular injury on March 2, 1977; all of the evidence is to the effect

that the claimant's condition was the result of a continuance of repeated insults to her hands, wrists and arms in her daily work. Nor were her complaints ever localized to the left shoulder. At the first hearing the claimant testified that she was having difficulties with her hands and indeed the employer's medical witness testified that while her left shoulder was without pain she was having trouble on the right side. At the second hearing after remand, the claimant's medical witness testified that the claimant had carpal tunnel syndrome in both arms as a result of her work activities.

The statute imposes upon the employer seeking termination of a notice of compensation payable the burden to prove "that the disability of the injured employe has . . . temporarily or finally ceased. . . ." Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. "The burden is considerable, for disability is presumed to continue until demonstrated otherwise." *Workmen's Compensation Board ex rel. Mailka v. F. W. Woolworth Company,* 19 Pa. Commonwealth Ct. 413, 415, 338 A.2d 784, 785 (1975). *Workmen's Compensation Appeal Board v. Precision Ware Inc.,* 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975) is apposite and points up the error made by the referee in this case. There the employer and its carrier:

> point[ed] to the compensation agreement which described the claimant's injury merely as "nerve injury to the left arm" and they argue that the referee should not have considered evidence of injuries to the claimant's neck and back. . . . We do not view the meager description in the compensation agreement as strictly controlling the course of future litigation relating to the claimant's disability. It is clear that the neck and back pain experienced by the claimant,

relates to the 1966 injury and that those symptoms have accompanied the arm injury since 1966. It was clearly proper for the referee to consider such evidence to the effect that the claimant's condition remained unchanged since the original injury.

*Id.* at 575, 347 A.2d at 323. In *Workmen's Compensation Appeal Board v. Pennsylvania Hospital,* 22 Pa. Commonwealth Ct. 168, 348 A.2d 159 (1975) an agreement for compensation for disability described the claimant's injury as one to a foot only. After the foot was removed, the employer sought modification of the agreement to one for specific loss of the foot. At the hearings the claimant gave evidence, which the referee accepted, that his back also was injured in the incident in which the foot was hurt; that he was disabled on account of the condition of his back; and that he complained of back pain many times. We upheld the Appeal Board's holding that the referee, having accepted the claimant's account of the injury to his back rather than the employer's conflicting evidence, then correctly concluded that the employer had not carried its burden of proof. The claimant's case here is stronger because all of the evidence, including that of the employer's medical witness, was to the effect that the claimant from the outset complained of pain in her hands, arms and wrists, as well as her left shoulder. The case of *Motor Truck Owners Conference Inc. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 406, 395 A.2d 588 (1978) is persuasive. We there upheld the dismissal of a termination petition where the injury was described in the notice of compensation as torn ligaments of the back and the claimant showed that he was disabled by a hiatal hernia and other injuries suffered in the accident in which his back was hurt.

In sum, the employer seeking termination of compensation must prove, not merely that the injury described in the notice of, or agreement for, compensation is no longer disabling; but that the claimant is no longer disabled as the result of injuries arising from or related to the events which were the occasion for the notice or agreement sought to be terminated.

The Appeal Board's order of May 5, 1981, as modified by its order of March 11, 1982, is affirmed.

ORDER

AND Now, this 21st day of July, 1983, the Workmen's Compensation Appeal Board's order of May 5, 1981, as modified by its order of March 11, 1982, is affirmed.