George Jerokovitch, Petitioner *v.* Workmen's Compensation Appeal Board (Gateway Coal Co.), Respondents.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Bernard S. Shire,* with him *Mark S. Galper, Shire & Bergstein,* for petitioner.

*Michael Relich,* with him *Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, Gateway Coal Company.

OPINION BY JUDGE BLATT, January 13, 1933:

George Jerokovitch (claimant) appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision that the claimant failed to meet the burden of proof required to establish that he suffered a compensable injury.

On April 26, 1975 the claimant, while working in the course and scope of his employment with the Gateway Coal Company (Gateway), received an electrical shock of 440 watts and sustained burns on the fingers of his right hand. He then filed a claim petition on August 24, 1977 seeking benefits and alleging that this incident accelerated the progression of a preexisting spinal cord disease.[1] At a referee's hearing, both sides presented expert medical testimony. The referee chose to believe Gateway's expert who stated in his deposition that, although the claimant is totally disabled from multiple sclerosis, there was no relationship between the April 26, 1975 incident and the worsening of his condition. The Board affirmed and the instant appeal followed.

The claimant argues that the referee displayed a capricious disregard of competent evidence[2] in finding that the April 26, 1975 incident did not accelerate his preexisting spinal cord disease and/or multiple sclerosis. Specifically, the claimant argues in his brief that "lesser weight should have been accorded the testimony of Gateway's expert . . . than to his [own] treating physician."

We have long held that it is for the referee in Workmen's Compensation cases to determine the credibility and weight of the evidence and that in doing so he or she may accept or reject the medical testimony of any witness in whole or in part. *Mickles v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 109, 428 A.2d 1035 (1981); *see K-*

---

[1] Multiple Sclerosis.

[2] Where, as here, the party with the burden of proof did not prevail below, our scope of review is limited to determining whether or not an error of law was committed or there has been a capricious disregard of competent evidence in the record. *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

*Mart Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981).

Here, in performing her factfinding function, the referee believed and gave great weight to the testimony of Gateway's medical expert and rejected the testimony of the claimant's medical experts. This does not, we believe, constitute a *capricious* disregard of competent evidence but rather it was an allowable exercise of the referee's duty to resolve conflicts in the evidence. *Mickles; K-Mart.*

Finding no error of law or capricious disregard of competent evidence we will, therefore, affirm the order of the Board.

## ORDER

AND NOW, this 13th day of January, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.