Workmen's Compensation Appeal Board and George Schoonover, Appellees, v. Chamberlain Manufacturing Corporation, Appellant.

Argued February 6, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Joseph E. Gallagher*, with him *O'Malley, Bour & Gallagher*, for appellant.

*George Schoonover*, appellee, for himself.

*James N. Diefenderfer*, for appellee, Workmen's Compensation Appeal Board.

OPINION BY JUDGE KRAMER, April 21, 1975:

This is an appeal filed by Chamberlain Manufacturing Corporation (Chamberlain) from an order of the Work-

men's Compensation Appeal Board (Board), dated August 1, 1974, which, in effect, affirmed a referee's order dismissing Chamberlain's petition for termination of a workmen's compensation agreement providing benefits to George Schoonover (Schoonover).

Schoonover was employed by Chamberlain as a laborer. His job entailed the pushing of shells[1] along a production line. The shells were on rollers and weighed about 50 pounds each. On August 23, 1972, while in the course of his employment, Schoonover sustained a right inguinal hernia. At the time of his injury, his average weekly wage was $219.85. On September 14, 1972, a notice of compensation payable was filed providing for workmen's compensation benefits at the rate of $94 per week. Compensation benefits were paid to Schoonover from August 24, 1972 through December 13, 1972. In other words, Schoonover received $94 per week for 16 weeks or a total of $1,504. On January 4, 1973 Chamberlain filed a petition to terminate in which it was alleged that "[a] reasonable period of disability for a hernia has expired," and that Schoonover "would have been able to resume employment on December 14, 1972, but for the fact the hernia could not be repaired because claimant suffered from cirrhosis."

Hearing were held before a referee at which the only witnesses were Schoonover (appearing without counsel) and a physician presented by Chamberlain. The physician testified that the surgery necessary to correct the hernia condition was not feasible because Schoonover was suffering from portal cirrhosis which the physician "felt was secondary to alcoholism." The physician stated that the cirrhosis was "a chronic disease which takes years to develop," and that the reason that it was not feasible to perform surgery on Schoonover was the medical knowledge that "there is a much higher incidence of recurrence [of hernia] in patients who have portal cirrhosis." The prog-

---

1. No description of a shell is found anywhere in the record.

nosis on the portal cirrhosis was not good. The record clearly shows that the hernia was a direct result of the incident which occurred while Schoonover was pushing the shells, and that the portal cirrhosis was in no way related to Schoonover's employment. The physician testified that, at the time of his examaination, Schoonover's disability was due to the hernia. The physician also testified that Schoonover could not perform any labor which would involve lifting or bending which might entail a strain on the abdominal muscles.

The referee's findings included the following:

"5. We find as a fact that the claimant has not undergone surgery for the correction of the inguinal hernia because of the fact that he suffers cirrhosis of the liver. We therefore find as a fact that the claimant continues to be totally disabled due to the hernia he sustained on August 23, 1972."

On appeal to the Board, the referee's finding was affirmed, the Board concluding that:

"The Defendant [Chamberlain] has not sustained his burden of proof to show that the Claimant's [Schoonover's] disability has changed. . . ."

The Board then ordered the payment of compensation at the rate of $94 per week beginning December 14, 1972 and continuing indefinitely thereafter.

On appeal to this Court, Chamberlain presents the narrow issue of whether the Board committed an error of law in ordering compensation to Schoonover where the hernia injury is clearly work-related but where surgical repair is not feasible because of the nonwork-related cirrhosis. Chamberlain contends that compensation should be terminated upon the expiration of what would be a reasonable period of time during which disability would be experienced following hernia surgery, if surgery had been performed. This contention is apparently based upon Chamberlain's reasoning that Schoonover's present dis-

ability is caused by his cirrhosis rather than his hernia. Schoonover did not appear at the argument in the matter before this Court and did not submit a brief in support of his position.

Review by this Court is limited to determining whether constitutional rights were violated, an error of law committed or any necessary finding of fact was not supported by competent evidence, and where, as here, the party with the burden of proof has not prevailed below, we must determine whether the referee's findings are consistent with each other, and with the conclusions of law, and can be sustained without a capricious disregard of competent evidence. *Foster Wheeler Corporation v. Workmen's Compensation Appeal Board.* 13 Pa. Commonwealth Ct. 45, 317 A.2d 922 (1974).

Section 301 (c) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411 (Supp. 1974-1975), sets forth the definition for a compensable injury as follows:

"(1) The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . ."

There can be no doubt that Schoonover's hernia is a compensable injury. The only question which remains is whether his compensation should be terminated because corrective surgery is not feasible due to the nonwork-related cirrhosis. Chamberlain contends that the hernia in the instant case did not aggravate or accelerate the cirrhosis, that the hernia did not cause the cirrhosis to flare up and disable the claimant, and that the hernia had no effect upon the underlying condition of the cirrhosis. Chamberlain then concludes that the cirrhosis had the effect of precluding the surgical repair of the hernia, and

that, therefore, compensation benefits should be terminated beyond that time when Schoonover's disability could have been terminated by surgery.

This case having been instituted by the employer through the filing of a petition to terminate, the burden was upon Chamberlain to prove that Schoonover's disability has ceased, or that his disability was no longer due to his compensable injury. *See Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974). Recently this Court had occasion to pass upon a similar issue in the case of *Folmer Ice Cream Company v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 34, 330 A.2d 584 (1975). In that case the employe could not have her disability corrected by surgery due to her obesity. In that case, the employe unsuccessfully made attempts to reduce her weight. We held that the prayer of the petition to terminate, filed by the employer, could no be granted because of the fact that the employe continued to be disabled by a work-related injury and had not refused reasonable medical services. Our holding in *Folmer, supra,* is controlling in this case.

The record shows that Chamberlain's medical expert witness frankly stated that the disability which Schoonover was experiencing at the time of the medical examination was as a result of the hernia. Under our interpretation of the statute, the injury is still compensable unless the employer proves that the employe refused to permit corrective sugery upon some unreasonable basis, or that claimant-employe acted in some arbitrary, capricious or fraudlent manner in connection therewith. The record in this case does not indicate any such action by Schoonover. The record supports a conclusion that two physicians administering to Schoonover have agreed that corrective surgery for the hernia cannot be performed so long as the portal cirrhosis exists in the condition they found it. The

record indicates that Schoonover has been treated for his cirrhosis condition and that there is a possibility that if that condition is improved, the physicians may yet order the hernia operation at some time in the future. While we agree with Chamberlain that the Workmen's Compensation laws should not be used as health insurance, *see American St. Gobain Corporation v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 388, 314 A. 2d 40 (1974), we cannot agree that the Legislature intended to terminate workmen's compensation benefits so long as the compensable injury continues to disable an employe. This record supports the findings and conclusions that Schoonover is still disabled by the hernia he experienced during the course of his employment. Chamberlain has failed to carry its burden of proving that Schoonover's disability has ceased or that his disability was no longer causally related to his compensable injury. We therefore

ORDER

AND NOW this 21st day of April 1975, the petition to terminate filed by the Chamberlain Manufacturing Corporation is dismissed and Chamberlain Manufacturing Corporation is directed to pay George Schoonover compensation for total disability at the rate of $94 per week beginning December 14, 1972 and continuing indefinitely thereafter. Deferred payments of compensation shall bear interest at the rate of 10% per annum from the due date thereof.