Workmen's Compensation Appeal Board and Angelo Guida *v.* Precisionware, Inc. and Employers Mutual Liability Insurance Company of Wisconsin, Insurance Carrier, Appellants.

Argued September 11, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

574

James K. Martin, for appellants.

W. J. Krencewicz, with him James N. Diefenderfer, for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 10, 1975:

On April 28, 1967 appellants entered into an agreement to pay benefits for total disability to Angelo Guida (claimant) as a result of an injury which he had sustained while at work on June 8, 1966. On February 19, 1968 the appellants filed a petition for modification, asserting that claimant's condition had improved by then to the point where he was suffering from only a 25% partial disability. The claimant denied that his disability had been reduced and after a series of hearings the referee decided on June 28, 1974 that the claimant was still totally disabled as a result of the 1966 injury. On appeal the Workmen's Compensation Appeal Board (Board) affirmed the referee. This appeal followed.

An employer who seeks modification of a workmen's compensation agreement must carry the burden of proving that the employee's disability has ceased or diminished. *Irwin Sensenich Corporation v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 518, 327 A.2d 644 (1974). And of course where the decision below is against the party with the burden of proof, our review is to determine whether the findings of the workmen's compensation authorities are consistent with each other and with the conclusions of law and order and whether the findings can be sustained without a capricious disregard of competent evidence. *Folmer Ice Cream Company v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 34, 330 A.2d 584 (1975).

Appellants rely heavily on the testimony of their medical expert who stated his opinion that the claimant's condition had improved. That testimony, however, was directly contradicted by the claimant's doctor who felt that the claimant's condition had remained one of total disability since the date of the injury. It is within the unique fact finding authority of the referee to resolve such conflicts and he did so here in favor of the claimant. We cannot disturb his decision in that respect.

The appellants also point to the compensation agreement which described the claimant's injury merely as "nerve injury to left arm" and they argue that the referee should not have considered evidence of injuries to the claimant's neck and back, as described by his doctor. We do not view the meager description in the compensation agreement as strictly controlling the course of future litigation relating to the claimant's disability. It is clear that the neck and back pain, experienced by the claimant, relates to the 1966 injury and that those symptoms have accompanied the arm injury since 1966. It was clearly proper for the referee to consider such evidence to the effect that the claimant's condition remained unchanged since the original injury.

Finally, we find no merit in appellant's suggestion that the claimant's doctor, a general practitioner who treated the claimant continually since 1966 was not competent to state his expert opinion as to the claimant's condition.

We, therefore, issue the following

ORDER

AND, NOW, this 10th day of November, 1975, the order of the Workmen's Compensation Appeal Board is hereby affirmed.