Margaret S. Adamo, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jameson Memorial Hospital, Respondents.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Dominich Motto,* with him *William R. Balph, Jr., Chambers, Nicolls, Balph, Paul & Motto,* for petitioner.

*Richard E. Flannery, Mansell, McKee, Mitsos & Flannery,* for respondent, Jameson Memorial Hospital.

OPINION BY JUDGE BLATT, February 9, 1981:

Margaret S. Adamo (claimant) appeals from an order of the Workmen's Compensation Board of Review (Board) which reversed the referee's grant of benefits. The Board concluded that the testimony of the claimant's physician was equivocal and that the claimant had failed, therefore, to rebut her employer's proof that her work-related disability had terminated.

The claimant was employed as a nurse by the respondent, Jameson Memorial Hospital (employer), when, on February 6, 1976, she sustained a work-related injury to her neck and left shoulder as the result of a fall at the hospital. She received compensation for total disability until March 28, 1977, when the employer filed a termination petition and a physician's affidavit alleging that all disability had ceased. At the referee's hearing, the parties produced conflicting medical testimony concerning the cause of the claimant's continuing physical complaints.

Although the referee noted that the testimony of the claimant's physician was not extremely persuasive, he concluded that a causal relationship existed between the claimant's persistent neck problems and her fall of February 6, 1976, and he made the following relevant findings of fact:

3. Claimant is totally disabled as a result of chronic cervical neck strain from November of 1976 thru the present date.

4. Dr. Gerald Weiner, Orthopedic Surgeon and treating physician, testified that he cannot say with certainty that the cervical strain was causally related to the injury but testified that it conceivably could have been.

5. Although the testimony of the claimant's doctor is not as positive on the causal relationship as it should be, your Referee is of the opinion that there is a causal relationship between the neck injury and the fall of February 6, 1976, therefore the claimant is still disabled as a result of said injury.

The Board, however, determined that the testimony of the claimant's medical expert, Dr. Weiner, was equivocal and incompetent as a matter of law and that the testimony could not support the referee's finding of a causal relationship. The Board therefore reversed the referee and disallowed benefits.

Although we agree with the Board's characterization of Dr. Weiner's testimony as equivocal, we must reverse the Board on the grounds that such equivocation on the part of the claimant's physician does not necessarily mean that the employer met its burden of showing that the claimant's work-related disability had terminated.

The claimant's physician testified in relevant part as follows:

Q. Was the cervical sprain causally related to the injury on February 6, 1976?

A. I can't say with certainty that it was. I have no record showing complaints of pain in the neck at that time, but it's conceivable that a person who falls with sufficient force to injure the shoulder such as she did could also injure or sprain her neck.

....

Q. Doctor, was it your medical opinion that Mrs. Adamo had fully recovered from the injury to her left shoulder and would have been able to return to work around the middle of February, 1977, if there were not something else other than the shoulder bothering her?

A. Yes.

....

Q. Now, doctor, can you testify with reasonable medical certainty, establish a causal relationship between her fall on February 6, 1976, and the neck pain and headaches which precluded her from returning to work around the middle of February, 1977?

A. No, I cannot definitely establish a relationship based on the information I have in my record. However, I must say again it is conceivable that an injury severe enough to cause the damage to the shoulder that she sustained could also cause some spraining of the neck.

Q. In other words, doctor, you cannot testify with reasonable medical certainty that there is a relationship between her fall on February 6, 1976, and the current back and headache problem but the most you say is it is conceivable that the neck pain and the headaches resulted from that fall, is that a fair statement?

A. That's correct.

Taken in its entirety, this testimony is less than positive and is based upon mere possibilities, so we must also conclude that it is equivocal and cannot support a finding. *George v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 435, 411 A.2d 294 (1980). Nevertheless, we cannot affirm the Board's reversal of the referee and its disallowance of

benefits, for we cannot determine on the record before us that the referee may not have reached the conclusion he did without relying on this testimony.

It is well settled that when an employer seeks to terminate a workmen's compensation agreement the employer has the burden of proving that the claimant's work-related disability has ceased or is no longer related to the compensable injury. *Children's Aid & Family Services v. Workmen's Compensation Appeal Board*, 53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980); *Folmer Ice Cream Co. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 34, 330 A.2d 584 (1975). Here, therefore, the employer had the burden of negating the causal connection between the claimant's injury and her present disability and to produce unequivocal medical evidence to that end. *Workmen's Compensation Appeal Board v. Mushroom Transportation Co.*, 18 Pa. Commonwealth Ct. 177, 334 A.2d 788 (1975). This he may or may not have done, so we must remand for further findings.

It was the employer's burden to present a prima facie case to the effect that the claimant's disability was not causally connected to her fall. We cannot assume, therefore, as did the Board, that the referee's decision was based on the legally incompetent testimony of Dr. Weiner, for it may have been based on the possible insufficiency or lack of credibility of the employer's medical evidence.

The courts have consistently held that the referee must make findings of fact on all essential issues. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). Where, as here, the referee's findings are so vague as to make it impossible for the court to determine whether or not the referee improperly relied on incompetent testimony, we must remand for additional findings. *McManus v. Rochester & Pittsburgh Coal Co.*, 29 Pa. Commonwealth Ct. 91, 368 A.2d

1365 (1977); *Zacek v. Republic Steel Corp.*, 25 Pa. Commonwealth Ct. 199, 359 A.2d 842 (1976).

ORDER

AND, Now, this 9th day of February, 1981, the record in the above-captioned case is remanded to the Workmen's Compensation Appeal Board which shall direct that a proper adjudication be conducted by a referee in which all necessary and proper findings of fact and conclusions of law be made, or, in the alternative, the Board shall itself take additional evidence and thereafter enter a proper adjudication pursuant to Section 423 of the Workmen's Compensation Act, 77 P.S. §854.