Lewis E. Buckingham, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Republic Steel Corporation, Respondents.

84

Argued November 21, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Margaret D. Blough,* with her, *J. Scott Leckie* and *Kenneth J. Yablonski,* for petitioner.

*Edward A. McFarland,* with him *Ralph H. Davies, Thomson, Rhodes & Grigsby,* for respondent, Republic Steel Corporation.

Opinion by Judge Blatt, February 24, 1981:

The petitioner, Lewis E. Buckingham, seeks review of a decision of the Workmen's Compensation Appeal Board (Board) dismissing his claim for total disability as a result of an occupational disease under Sections 108(q) and 301(c)(2) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, added by Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §§27.1(q) and 411(2).

The petitioner filed a claim with the Bureau of Occupational Injury and Disease Compensation on March 22, 1978, alleging that he was totally disabled due to anthracosilicosis and/or coal worker's pneumoconiosis. A referee was appointed, who, after conducting multiple hearings and receiving depositions, made these relevant findings of fact:

3. Claimant worked underground in the coal mining industry in Pennsylvania for about 39 years and worked above ground for about four years, during which time he worked in and at employer's [Republic Steel Corporation, respondent] mine from 1941 to and including January 7, 1977, his last day of work. He was last employed as a mechanic at average weekly wages of $371.37.

4. Claimant has not worked since January 7, 1977.

5. During his entire employment with employer, claimant was exposed to the dust of bituminous coal, an occupational disease hazard.

6. As a result of such exposure, claimant contracted coal worker's pneumoconiosis which arose out of, and in the course of, his employment with employer.

7. Said occupational disease does not wholly or partially disable claimant.

. . . .

13. Claimant failed to sustain his burden of proof.

The referee then dismissed the claim and the petitioner appealed to the Board which affirmed the decision on the ground that the petitioner had failed to establish that his disability was a *direct* result of an occupational disease.[1]

The petitioner bears the burden of proving that he was totally disabled as a result of an occupational disease as defined in Section 301(c)(2) of the Act, *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978), and our scope of review in a workmen's compensation case where the party with the burden of proof has not prevailed below is to determine whether or not the findings of fact are consistent with each other and with the conclusions of law and that they can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Precisionware,* 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975).

The petitioner asserts that the Board applied an incorrect burden of proof by requiring that the petitioner prove that his disability was a *direct* result of an occupational disease and by holding that it was insufficient for him to show that a combination of diseases, only one of which was work-related, caused the disability. The petitioner would characterize his disability as an aggravation of a pre-existing condition,

---

[1] The petitioner also appealed the referee's finding that the employer was not given timely notice of the disability but we must agree with the Board that inasmuch as the referee correctly decided the merits, any error as to the notice issue will not affect the outcome here.

compensable according to *Penntube Plastics Co. v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 105, 391 A.2d 1141 (1978), and he argues that an aggravation of a pre-existing condition presupposes a combination of injuries and/or diseases. We cannot agree.

*Penntube Plastics Co. v. Workmen's Compensation Appeal Board, supra,* involved compensation for an injury under Section 301(c)(1), 77 P.S. §411(1), whereas, here, we are concerned with an occupational disease under Section 301(c)(2), 77 P.S. §411(2), which is controlled by our holding in *Consolidation Coal Co. v. Workmen's Compensation Appeal Board, supra,* wherein we found that the language of Section 301(c)(2) granting compensation for "disability or death resulting from such [occupational] disease" requires more than a mere showing that the disease contributed to the death or disability.[2]

> Although we are fully aware of the difficulty of obtaining medical evidence which unequivocally pinpoints the cause of death, particularly in cases in which the deceased suffered from a number of interrelated diseases, we believe that the Act requires medical evidence to be presented which establishes that a claimant's death *resulted from* an occupational disease, not simply that the disease was a contributing factor. (Emphasis in original.)

*Consolidation Coal Co. v. Workmen's Compensation Appeal Board, supra* at 422, 391 A.2d at 19. After reviewing the record, we note a considerable amount of conflicting evidence as to the cause of the claimant's

---

[2] Although *Consolidation Coal Co. v. Workmen's Compensation Appeal Board, supra,* was only concerned with death benefits under Section 301(c)(2), the interpretation of the language of that section is equally applicable to a claim for total disability.

disability[3] and we must, therefore, defer to the referee's determinations as to credibility and the weight of the evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The petitioner also argues that the referee's findings that the petitioner had contracted pneumoconiosis but was not disabled, are inconsistent with each other in that the petitioner's two medical witnesses concluded that he had contracted pneumoconiosis and was totally disabled, while the employer's witness had found neither pneumoconiosis nor disability. The petitioner concludes that the referee's findings, therefore, do not reflect the evidence that was presented to him. This argument, however, is without merit. It is axiomatic that a referee may accept or reject testimony of a witness in whole or in part, *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board, supra,* and it is obvious that the referee here accepted the testimony to the effect that this claimant suffered from pneumoconiosis but rejected the conclusion that such occupational disease was the cause of his disability.

The decision of the Board will, therefore, be affirmed.

### Order

And Now, this 24th day of February, 1981, the order of the Workmen's Compensation Appeal Board denying benefits in the above-captioned matter is affirmed.

---

[3] The petitioner suffered from chronic obstructive lung disease and possible heart disease, had a long history as a smoker, had been hospitalized for pleurisy and pneumonia, was taking medication for high blood pressure and showed signs of bronchitis and emphysema.