Carl W. Armstrong, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Davis Brothers Plumbing and Heating et al., Respondents.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

Daniel V. Delaney, Delaney, Vuckovich, Carmella & Delaney, for petitioner.

Frederick C. Trenor, II, Meyer, Darragh, Buckler, Bebenek & Eck, for respondent, Davis Brothers Plumbing and Heating.

OPINION BY JUDGE ROGERS, November 24, 1981:

Carl Armstrong appeals from an order of the Workmen's Compensation Appeal Board reversing a referee's order granting the prayer of Armstrong's claim petition for benefits related to his total disability and denying the prayer of the petition of Armstrong's employer, Davis Brother Plumbing and Heating, for the termination of benefits then being paid pursuant to a compensation agreement.

Armstrong tripped on a recessed drain at his workplace. He and his employer entered into a compensation agreement in which the employer accepted that Armstrong had injured his "left leg and ankle, [with] chronic pain and swelling" and agreed to pay Armstrong $100 a week during total disability. After about five months, during which Armstrong's leg injury did

not improve to any significant degree, it was ascertained that he was suffering from a herniated disc which caused the claimant to suffer a "drop foot" of the left leg. The herniated disc was treated by surgery. Armstrong continued to be totally disabled.

Armstrong says that his back problem and resulting condition of "drop foot" are direct results of the tripping incident at work. The employer contends that the back problem is totally unrelated to that incident and that the sprained ankle for which it accepted liability is totally cured and is not the cause of any present disability.

The referee made the following findings of fact in support of his award:

18. Your Referee finds as a fact from the testimony of Dr. Barclay that Claimant had a sprained ankle, but that it was the result of a drop foot which was from the back which he has not fully recovered from and probably will never get any better than he is right now.

19. That your Referee finds from the testimony of Dr. Barclay regarding the injury in April of 1973 that the Claimant apparently had a sprained ankle, but it was a result of a drop foot due to a back injury.

. . . .

21. Your Referee finds that Claimant is totally disabled as result of this injury which occurred in the course of his employment, and is entitled to compensation benefits at the rate of $100 per week, which shall continue in accordance with the provisions of the Act, *as amended.*

While the referee's findings are not as explicit as they might be, it is evident that the referee concluded that the herniated disc, which is the reason for the

claimant's disability, was caused by the tripping incident. The Board recognized this but reversed the referee on the ground that there was not substantial evidence in the record supporting a finding that the tripping accident was the cause of the herniated disc and consequent back ailment. We disagree with the Board because the claimant's testimony and medical evidence in the form of letter reports from two treating physicians constitute sufficient evidence supporting the referee's finding that the tripping incident caused the claimant's back injury.

Armstrong testified that prior to the tripping incident, he had never suffered any serious back problem. The letter reports of the treating physicians, Dr. R. Norton Hall and Dr. William A. Barclay, unequivocally state that the claimant's herniated disc was the direct result of the tripping incident. Dr. Barclay wrote: "[t]his man's problem stems from his original injury of April, 1973 when he fell injuring his left ankle and injuring his back at the same time." Dr. Hall wrote that Armstrong's herniated disc "is a direct result from an accident he sustained at his place of employment." These reports constitute unequivocal medical evidence of causation.

The Appeal Board fails to mention Dr. Barclay's report. It says that Dr. Hall's report was not admitted into evidence and that even if it were, it would not merit consideration because it stated only a conclusion without foundation. We disagree on both points. Both doctors' letters were offered into evidence at a referee's hearing of which the employer's attorney had notice but did not appear. They were marked as claimant's exhibits and both are physically in the record certified to us by the Appeal Board. Further, no objection was ever made to the admission of the letters at a hearing conducted after their offer, at which the employer's counsel did appear.

Dr. Hall's letter does constitute competent evidence on the issue of causation. He was the claimant's treating physician. It is true that Dr. Hall provides no date for the "accident he sustained at his place of employment." On the other hand there is nothing in the record suggesting any other cause and the employer might have, but failed to require that Dr. Hall be examined.

The employer seems also to contend that since in the compensation agreement it accepted liability only for Armstrong's sprained ankle it should not be required to provide benefits for an injured back. The description of the injury in the compensation agreement does not control the course of the litigation relating to disability and where, as here, there is sufficient evidence that other syptoms have existed since the work related accident and are related thereto, compensation for such may be considered. *Workmen's Compensation Appeal Board v. Precisionware, Inc.*, 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975).

The employer finally argues that the claimant did not on this appeal properly raise the issue of the Board's action granting the termination petition. We disagree. By challenging the Board's overturning of the referee's finding of continued disability, Armstrong sufficiently took issue with the Board's action terminating the agreement.

We therefore reverse the Board and reinstate the referee's order.

ORDER

AND Now, on this 24th day of November, 1981, it is ordered that judgment be entered in favor of Carl W. Armstrong and against Davis Brothers Plumbing and Heating for the continuation of the payment of workmen's compensation benefits at a rate of $100 per week into the indefinite future in accordance with the terms

and limitations of the Pennsylvania Workmen's Compensation Act.

It is further ordered that Davis Brothers Plumbing and Heating pay all medical expenses relating to Carl W. Armstrong's accidental injury of April 2, 1973 during the period of his total disability.