Andrew Priggins, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines), Respondents.

Submitted on briefs May 9, 1983, to Judges ROGERS, BLATT and DOYLE, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*James E. Pocius, Lenahan & Dempsey,* for respondent, Bethlehem Mines.

OPINION BY JUDGE DOYLE, July 15, 1983:

This is an appeal by Andrew Priggins (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits. We affirm.

Claimant had been employed in the coal mining industry for approximately twenty-six years. From 1969, he was employed with Bethlehem Mines (Employer) as a weighmaster and quality inspector. In 1979 Claimant complained of shortness of breath and was advised by his physician to discontinue his employment.

Claimant filed a petition for occupational disease benefits claiming total disability due to anthracosilicosis. At a hearing before a referee on November 15, 1979, witnesses for the Claimant and for the Employer presented conflicting medical testimony. The referee then appointed an impartial physician to examine Claimant. The impartial physician testified at a hearing on December 30, 1980. On January 31, 1981, the referee rendered his decision and dismissed Claimant's petition. Claimant appealed to the Board and the Board affirmed. This appeal followed.

A claimant seeking benefits bears the burden of proving that he is totally disabled as a result of an occupational disease. *Buckingham v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct.

83, 425 A.2d 890 (1981). Our scope of review, when the party with the burden of proof does not prevail below is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Id.* The referee found, and the Board affirmed, that Claimant had failed to prove that he is totally and permanently disabled due to anthracosilicosis or as a result of his exposure to a silica hazard in his employment at Bethlehem Mines. Claimant maintains that this finding cannot be sustained without capricious disregard of the testimony of the impartial physician.

At the hearing on December 30, 1980, the impartial physician testified that his examination showed Claimant to be suffering a mildly impaired pulmonary function due to anthracosilicosis. The doctor testified that in his opinion Claimant was not totally disabled but was unable to do work requiring physical exertion[1] and could not work in a dusty environment without a worsening of his condition.

Claimant urges that, given the doctor's testimony of partial disability, the burden of proof shifted to the Employer to show the availability of work which Claimant was capable of doing. Absent such proof the Claimant must be compensated for total disability. *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977). Claimant argues that since no evidence was offered regarding the availability of other

---

[1] The impartial examining physician described the exertional work Claimant would not be capable of doing:

> Well, it's basically that kind of work in which he would be lifting heavy objects; that he would be working up a sweat; that he would be continuously working, let's say, in a breaker.

jobs, he must be compensated for total disability. We do not agree. The burden on the employer to show job availability arises "[o]nce a workmen's compensation claimant has shown by credible evidence that he can no longer perform his former work...." *United States Steel Corporation v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 183, 188, 427 A.2d 727, 729 (1981). The testimony of the impartial physician indicated that Claimant could not do exertional work or work in a dusty environment. The testimony of the Claimant himself indicated that his duties as a weighmaster and quality inspector were not exertional. And a supervisor of weighmasters and coal samplers testified that Claimant's duties were performed in an enclosed building equipped with exhaust fans and located up to 200 yards from the dusty environment of the coal breakers. Claimant, of course, testified that his work was performed in a dusty environment and the exhaust fans and face masks provided did not protect against the dust, but credibility of the evidence is the province of the referee. *Jerokovitch v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 71 Pa. Commonwealth Ct. 172, 454 A.2d 227 (1983); *see also Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981). We cannot, therefore, fault the referee's finding that Claimant failed to carry his initial burden. The finding is supported by the testimony in the record and is not in capricious disregard of competent evidence.

## ORDER

Now, July 15, 1983, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above referenced matter, No. A-80692, dated January 7, 1982 is hereby affirmed.