Truck and Trailer Equipment, Inc. and Liberty Mutual Insurance Company, Appellants, *v.* Workmen's Compensation Appeal Board and Elmer W. Maki, Appellees.

Submitted on briefs June 6, 1974, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard H. Scobell,* for appellants.

*William J. Cavanaugh,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, July 16, 1974:

Appellants appeal from an order of the Workmen's Compensation Appeal Board which provides as follows: "AND NOW, this 30th day of October, 1973, it is hereby Ordered and Directed that the Petition for Further Medical Services filed by the Claimant be granted in an amount not to exceed One Thousand Dollars ($1,000.00)."

Appellee-claimant suffered a compensable, totally disabling accident on September 21, 1966, when he fell from a ladder and suffered a skull fracture. Compensation continues to be paid on the basis of an agreement.

On November 27, 1972, appellee-claimant submitted a petition for further medical services. The provisions of Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended by the Act of December 31, 1965, effective January 1, 1966, and in effect at the time of this acci-

dent, provided, in pertinent part: "The board may order further medical, surgical and hospital services, if it is established that further care will result in restoring the injured employe's earning power to a substantial degree. In each order the board shall specify the maximum period and the maximum cost of the treatment designed for the employe's rehabilitation."

Appellee-claimant appropriately used a printed form for his petition, but did not complete many of the "blanks" which, if they had been completed and if they contained appropriate information, should have assisted the Board in arriving at a conclusion. However, the principal defect in the petition is that in the statement which utilizes the language of the statute, prepared to be signed by the doctor, the appellee-claimant's doctor struck the word "result" and substituted the word "aid" so that the statement then read: ". . . further medical care will *aid* in restoring the injured employe's earning power to a substantial degree. . . ."

At the first hearing, these deficiencies were pointed out by the Board and the hearing was continued in order to give appellee-claimant an opportunity to supply additional information and an appropriate statement from the physician. Subsequently, two letters from appellee-claimant's physician were submitted, as well as a letter or statement of appellee-claimant's wife. These letters do not, in our opinion, supply the deficiencies in the petition. This is especially true when, as is the case here, the appellee-claimant knows specifically that the physician's statement on the petition is insufficient in that it does not state that the proposed treatment will *result* in restoring the injured employee's earning power to a substantial degree. Furthermore, the best statement that was subsequently obtained from the physician who would seem to be the person in the best position to know was: "We are of the opinion that Mr. Maki has been helped by his treatments and

we believe he will be helped in the future." This certainly is a much weaker statement than the original insufficient one in that this statement makes no reference whatsoever to restoring earning power to any degree.

Appellee-claimant argues that despite the obvious insufficiency of the medical evidence, this is overcome by a letter from appellee-claimant's wife written to his attorney. While reciting his improvement over the years, the letter did not state that which was legally required.

The language of the only case bearing directly on this narrow point that has been brought to our attention or our research has revealed seems to be equally appropriate here: "It is unfortunate that the way does not allow further medical treatment without qualifications. This claimant may be afforded some relief from his physical and mental anguish if his family physician were allowed to administer to him once a week. However, the Workmen's Compensation Act specifically states inter alia that his earning power must be restored to a substantial degree. In other words, before the Compensation Board can allow further medical treatment, medical testimony must be produced to show that this treatment will restore the claimant's earning power to a substantial degree. The record of this case does not support the claimant's position." *Durose v. G. & M. Slope, No. 1,* 60 Schuylkill L. R. 51, 52-53 (1964).

It comes as no satisfaction to this appellee-claimant or his family that on March 29, 1972, effective May 1, 1972, the Legislature removed the requirement of special authority from the Board for medical treatment beyond one year. Act of March 29, 1972, P. L.     , No. 61, Section 12, 77 P.S. §531.

In view of our disposition of the matter, it is not necessary to do other than point out that the Board's

order does not comply with the statutory mandate that it specify the maximum period of the treatment, nor that the petition estimated the total cost of future medical services covering 52 weeks would be $110.00[1] and the Board authorized up to $1,000.00.

Accordingly, we enter the following

### ORDER

Now, July 16, 1974, the order of the Workmen's Compensation Appeal Board, dated October 30, 1973, in the above matter is set aside and the petition for further medical services, filed November 27, 1972, is dismissed.

---

[1] These figures are in the petition as presented in the printed record. The petition in the original record on file in our Chief Clerk's office is silent as to any amount.