Workmen's Compensation Appeal Board and Joseph H. Rooney, Appellees, *v.* The Host Motel of Wilkes-Barre, Inc. and Aetna Casualty & Surety Company, Insurance Carrier, Appellants.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*John H. Appleton,* with him *Irwin Schneider,* and *Nogi, O'Malley & Harris,* for appellant.

*James N. Diefenderfer,* for appellee, Board.

*Joseph H. Rooney,* appellee, for himself.

OPINION BY PRESIDENT JUDGE BOWMAN, March 12, 1975:

The parties are in agreement on the facts of this case. As a result of a compensable back injury that occurred in 1971, claimant-appellee and employer-appellant entered into a compensation agreement pursuant to which claimant-appellee was paid compensation based on total disability. Approximately two years after the accident, employer-appellant filed a petition to modify the compensation agreement averring disability had decreased to 40.%. Claimant-appellee opposed the petition to modify claiming total disability still existed. After a hearing, the Workmen's Compensation referee found that claimant-appellee

was in fact totally disabled and dismissed employer-appellant's petition. No appeal was taken from this decision.

Approximately two months later, claimant-appellee filed a petition for further medical services which the employer-appellant opposed. After a hearing before the Workmen's Compensation Appeal Board, the Board, on July 12, 1974, ordered claimant-appellee's petition be granted in an amount not to exceed $200.00. On January 7, 1975, this order was amended to not exceed a period of six months to bring the order "in line with" this Court's decision in *Truck and Trailer Equipment Inc. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 272, 322 A.2d 393 (1974). Employer-appellant now appeals, arguing that claimant-appellee has not established by competent proof that he was entitled to additional medical services. We must agree.

We find that the evidence on this record in support of claimant-appellee's petition to be almost non-existent. The doctor's affidavit attached to the petition reads as follows:

"Dr. *V. Berardis,* being duly sworn according to law, deposes and says that in his opinion further medical care will result in restoring the injured employe's earning power to a substantial degree, and the estimated total cost of further medical services covering [*illegible*] weeks will amount to approximately $ [*illegible*]. Included in said amount are hospital costs of $ [*illegible*]. 
s/V. Berardis, M.D."

Counsel for the Workmen's Compensation Appeal Board admits in his brief that "no transcript of the hearing concerning the Petition For Further Medical Services was made by the Board and, therefore, no transcript of any testimony is made a part of the record." Therefore, the sum total of claimant-appellee's evidence for the Court to review consists of the petition form and the above affidavit.

Claimant-appellee, in requesting the Board to order further medical, surgical or hospital services, has the burden of proof to establish "that further care will result in restoring the injured employe's earning power to a substantial degree." *See* Section 306 (f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* by the Act of December 31, 1965, P.L. 1284. It is clear that claimant-appellee has not sustained his burden with the scant evidence presented on the record before us. The contents of a petition supported only by an affidavit of a physician which simply paraphrases the statute, without more, is far short of the evidence necessary for claimant-appellee to meet his burden of proof. Without having a record of what testimony was offered by claimant-appellee, and it being undisputed that there was no further medical testimony or evidence, the Board's determination that the claimant-appellee had shown that further care would result in restoring earning power to a substantial degree was clearly improper.

Accordingly, we enter the following

ORDER

Now, March 12, 1975, the decisions of the Workmen's Compensation Appeal Board, dated July 12, 1974, and January 7, 1975, are reversed and set aside.