Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hermine Fencik *v.* Pittsburgh Electrical Insulation Company and Aetna Casualty & Surety Company, Appellants.

Argued May 5, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*James F. Manley,* with him *Robert C. Little,* and *Burns, Manley & Little,* for appellants.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, July 20, 1977:

This appeal has been taken from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's grant of the petition of Hermine Fencik (claimant) for further medical services. The employer, Pittsburgh Electrical Insulation Company, and its insurance carrier, Aetna Casualty and Surety Company, have argued here that there was not sufficient competent evidence in the record to justify the granting of the petition. We disagree and affirm.

In 1966, the claimant injured her back in the course of her employment. Agreements were entered into between the parties in 1967 and 1968 by which she received payments for total disability. While continuing to receive benefits under the agreement of 1968, the claimant filed a petition for further medical services in June of 1974. In proceedings before the referee on the petition, the deposition of Dr. Rex Newton was admitted without objection.[1] Dr. Newton stated on direct examination that the claimant was well motivated and that, if she underwent 30 days of treatment at Harmarville Rehabilitation Center at a cost of $4500, she would be capable of doing some light work. Part of his testimony was as follows:

---

[1] The employer's attorney was present at the taking of the deposition and cross-examined Dr. Newton. There is no indication that the deposition was improperly admitted into evidence. *See* Section 422 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§834, 835.

Q. ... Do you feel within a reasonable degree of medical certainty, do you feel the liklihood [*sic*] after all of this extensive treatment in this fine center, do you feel she could go back to some type of gainful employment?

A. She could.

Q. She could?

A. Yes.

On cross-examination, skilled counsel elicited statements from the doctor that there was no guarantee that she would ever work again and that there was a "50-50 chance" of getting her back into the work force. It is unclear whether this testimony referred to obtaining a specific job or to becoming capable of working again. On redirect examination, the doctor testified, "I think I can give her the opportunity to go back to light sedentary work." The referee's granting of the petition was affirmed by the Board.

At the relevant time, the standard for allowing further medical services was found in Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended* by the Act of December 31, 1965, P.L. 1284, 77 P.S. §531:

The board may order further medical, surgical and hospital services, if it is established that further care will result in restoring the injured employe's earning power to a substantial degree. In each order the board shall specify the maximum period and the maximum cost of the treatment designed for the employe's rehabilitation.[2]

---

[2] This portion of Section 306(f) of the Act was deleted by the Act of March 29, 1972, P.L. 159.

*See Workmen's Compensation Appeal Board v. Host Motel of Wilkes-Barre, Inc.,* 17 Pa. Commonwealth Ct. 624, 333 A.2d 833 (1975).

Here, Dr. Newton's testimony established that the claimant's earning power would be restored to a substantial degree by the proposed treatment. Although his testimony may have been weakened on cross-examination, it was sufficiently rehabilitated on redirect. Even if the doctor's testimony were viewed as inconsistent, this is a matter of credibility for the factfinder to resolve. *Cf. Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 205 n.1, 359 A.2d 852, 854 n.1 (1976) (two conflicting medical reports by same physician).

Therefore, we enter our

ORDER

AND Now, this 20th day of July, 1977, the order of the Workmen's Compensation Appeal Board is affirmed, and Pittsburgh Electrical Insulation Company and its insurance carrier, Aetna Casualty and Surety Company, are directed to pay a sum not to exceed $4500 for the requested treatment of Hermine Fencik for a 30-day period at the Harmarville Rehabilitation Center.