Sears, Roebuck and Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Juanita Thomas, Repondents.

Argued September 16, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*James R. Miller,* with him *Eugene F. Scanlon, Jr.,* and *Dickie, McCamey & Chilcote,* for petitioner.

*Mark B. Greenblatt,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE MENCER, November 9, 1977:

This appeal has been brought by Sears, Roebuck and Company (Sears) from an order of the Workmen's Compensation Appeal Board (Board) denying Sears' petition for termination of benefits to Juanita Thomas (claimant). The Board had reversed the referee's decision granting the termination petition. Since the referee's determination was supported by competent evidence, our decision in *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), compels us to reverse the Board's order.

On October 4, 1972, claimant sustained an injury to her right hand while pushing some carts at work. Dr. David Foss, a physician, treated her from the time of the injury until at least March of the following year. Under the terms of an agreement with Sears, claimant received payments for total disability commencing October 5, 1972. In February 1973, Sears filed a termination petition alleging that claimant had recovered from the injury and was able to work.

At hearings before the referee, testimony was given by Dr. Foss, claimant, and Robert Hickey, Ph.D., a

clinical psychologist. Over objection, Dr. Hickey opined that claimant suffered from hysterical neurosis, an emotion-related disabling ailment that seemed to be triggered by the injury. On the other hand, Dr. Foss testified that claimant was no longer disabled as a result of the accident in October. He further explained that she had an extosis, a shoulder-bone condition, and a fusion in her neck, both of which preexisted the injury. Conceding that an emotional problem *could have been* a part of her continuing symptoms, Dr. Foss agreed that *if* such a condition did exist, he could not positively state at what time it began. Immediately before this testimony, he stated: "At this point in time—we are in February of '73—we are no longer treating her [October 1972] injury. That was healed. We are treating a problem which preexisted the accident and it is not related to the injury."

The referee found that claimant had completely recovered from her injuries as of January 15, 1973 and granted Sears' petition. In reversing the referee, the Board reasoned that Sears had not carried its burden of showing that all symptoms from the October injury had ended. The Board was of the view that Dr. Foss's testimony concerning the possibility of an emotional problem was especially persuasive. Thereafter, Sears appealed to our Court.

*Universal Cyclops, supra,* made it clear that under the 1972 amendments to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., the referee is the ultimate fact-finder where the Board does not take additional evidence. Review by the Board in such a situation is limited to questions of law and to a determination of whether the findings of fact are supported by competent evidence. 9 Pa. Commonwealth Ct. at 182, 305 A.2d at 761.

In a termination proceeding, the employer has the considerable burden of proving that disability has ceased. *Workmen's Compensation Appeal Board v. F. W. Woolworth Co.*, 19 Pa. Commonwealth Ct. 413, 338 A.2d 784 (1975). Where the party with the burden of proof prevailed before the fact-finder, as Sears did here, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Shoup v. The Allegheny Lutheran Home*, 25 Pa. Commonwealth Ct. 528, 360 A.2d 278 (1976).

Here, the finding by the referee that claimant had recovered from the October injury was supported by the direct, unequivocal testimony of Dr. Foss, who had treated her throughout the period in question. Dr. Foss specifically stated that she was no longer disabled. A reading of his entire testimony reveals that, while he may not have known when claimant's possible emotional condition commenced, he was definitely of the opinion that she was no longer disabled in any way from the October injury.[1] Since Dr. Foss's testimony was competent, the Board acted improperly in reversing the referee where additional evidence was not taken. *See Universal Cyclops, supra.*

Claimant's reliance on *F. W. Woolworth Co., supra,* is misplaced. There, the claimant began to experience a psychosomatic flapping of her wrist during therapy for a work-related injury. The referee denied the employer's petition for termination, finding that the flapping was a result of a work accident, and the Board affirmed. We affirmed, noting that the

---

[1] Even if Dr. Foss's testimony were viewed as inconsistent on the question of whether all disability had ceased, this was a question of credibility resolved against claimant. *See Workmen's Compensation Appeal Board v. Pittsburgh Electrical Insulation Co.*, 31 Pa. Commonwealth Ct. 170, 375 A.2d 872 (1977).

employer presented no proof of the absence of a causal connection between the injury and the flapping. Unlike *Woolworth*, we are faced here with a situation where there is unequivocal medical testimony supporting the employer's burden of proof and the fact-finder *granted* the petition for termination.

Therefore, we will reverse the order of the Board.

ORDER

AND Now, this 9th day of November, 1977, the order of the Workmen's Compensation Appeal Board, filed September 28, 1976, directing the resumption of compensation to Juanita Thomas is reversed, and the decision of the referee granting the prayer of the termination petition, effective January 15, 1973, is hereby reinstated.

