Empire Kosher Poultry, Inc. and American Mutual Insurance Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Herman Fronk, Respondents.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Frank L. Tamulonis,* with him *Zimmerman, Lieberman & Derenzo,* for petitioners.

*Jeffrey L. Snook,* with him *Brugler & Levin,* for respondents.

OPINION BY JUDGE MENCER, June 19, 1979:

In *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), we held that referees are the ultimate factfinders in workmen's compensation cases, and the Workmen's Compensation Appeal Board (Board) must accept factual determinations of referees when findings are

supported by competent evidence. This is the appeal of Empire Kosher Poultry, Inc., and its insurance carrier from an order of the Board reversing a referee's grant of appellants' petition to terminate a compensation agreement with Herman Fronk.

Mr. Fronk was injured on November 9, 1971 when, while working as a chicken hanger, a chicken fell from the cutting room situated above him, hit him in the face, and then fell into a tank of liquid used to clean chickens, splashing the liquid into his eyes and ears and onto his arms. A compensation agreement was entered into by the employer, its insurance carrier, and Mr. Fronk providing for payments of $60 per week, beginning November 29, 1971, and for medical and hospital expenses, within the limits prescribed by The Pennsylvania Workmen's Compensation Act.[1]

On August 18, 1975, Empire Kosher Poultry, Inc., filed a petition for termination in which it asserted the cessation of Mr. Fronk's accident-related disability as of August 17, 1975. After a hearing, a referee entered an order terminating compensation payments as of November 3, 1975. Mr. Fronk appealed to the Board, which reversed the referee, noting that the appellants here had failed to meet their burden of proof relative to their petition to terminate. The instant appeal followed and we reverse.

In a termination proceeding, the employer has the considerable burden of proving that disability has ceased. *Workmen's Compensation Appeal Board v. F. W. Woolworth Co.*, 19 Pa. Commonwealth Ct. 413, 338 A.2d 784 (1975). Where the party with the burden of proof prevailed before the factfinder, as appellants did here, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by competent

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

evidence. *Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 330, 379 A.2d 648 (1977).

Here, the findings of fact by the referee that Mr. Fronk, as of November 1975, had no dermatitis and no abnormality in his right eye resulting from any injury of November 9, 1971 or caused by his employment with the appellant employer were supported by the record. Dr. Warren C. Phillips, a board-certified ophthalmologist, testified, based upon his examination of Mr. Fronk on November 13, 1975, that there was no objective evidence of any pathology with respect to Mr. Fronk's right eye and that he did not find any abnormality whatsoever with Mr. Fronk's eyes.[2] Dr. Joseph H. Gerdes, licensed to practice medicine, with a speciality in dermatology, testified, based upon his examination of Mr. Fronk on November 3, 1975, that there was no skin disease or any objective evidence of a skin disorder at the time of his examination. It was Dr. Gerdes' opinion that Mr. Fronk was not disabled in any way on November 3, 1975 as a result of any skin condition.

Since the testimony of Dr. Phillips and Dr. Gerdes was competent, the Board acted improperly in reversing the referee when additional evidence was not taken.[3] *Universal Cyclops, supra.* Therefore, we will reverse the order of the Board.

---

[2] Dr. Phillips, on cross-examination, conceded that an emotional reaction or a hysteria resulting from an accident could cause one not to be able to see. Mr. Fronk has an involuntary reaction of squeezing his right eye shut.

[3] Dr. Michael F. Fishter, a psychiatrist called by the claimant, testified that it is his opinion that Mr. Fronk has an emotional disorder. He opined that Mr. Fronk, a man aged in the middle seventies, has an adjustive reaction of late life and following an accident involving trauma has hysterical neurosis, conversion type. He further described Mr. Fronk as a hostile man who believes he is a victim not only of the accident but of the employer company or the insurance company and even of the doctors who have ex-

## ORDER

AND Now, this 19th day of June, 1979, the order of the Workmen's Compensation Appeal Board, filed April 6, 1978, directing the resumption of compensation payments to Herman Fronk, is reversed, and the order of the referee terminating compensation benefits to Herman Fronk as of November 3, 1975, is hereby reinstated.

amined him. The referee, after observing and hearing the testimony of Mr. Fronk, rejected the opinion of Dr. Fishter that Mr. Fronk's condition of hysterical neurosis, as of the time of the referee's hearing, was related to or caused by his injury at work on November 9, 1971. The resolution of credibility questions and the weight to be given admissible evidence are exclusively within the province of the referee as the factfinder. *Aluminum Co. of America v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977). The Board lacked authority to substitute its judgment as to credibility for that of the referee and reverse his finding of causation between Mr. Fronk's present condition and the November 9, 1971 accident without taking additional testimony. *Steele v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 352, 387 A.2d 1339 (1978).