525 A.2d 455

Felmont Oil Corporation and The Insurance Company of North America, Petitioners *v.* Workmen's Compensation Appeal Board (Furman), Respondents.

Submitted on briefs March 27, 1987, to Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C.,* for petitioners.

*John J. Bagnato, Spence, Custer, Saylor, Wolfe & Rose,* for respondent, Andrew H. Furman.

OPINION BY SENIOR JUDGE NARICK, May 6, 1987:

This is an appeal by Felmont Oil Company and the Insurance Company of North America (Petitioners) from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's order which directed Petitioners to furnish Andrew H. Furman (Claimant) with institutionalized custodial care. For the reasons set forth below, we affirm.

On February 27, 1965, Claimant was injured in the course of his employment. Claimant has received disa-

bility compensation pursuant to an Agreement for the Payment of Compensation dated July 16, 1965 and will continue to receive benefits for the remainder of his lifetime. Petitioners have also made medical benefit payments to Claimant in excess of $16,000.

Claimant's wife, Gladys Furman, filed a petition on her husband's behalf on October 9, 1984 alleging that Petitioners have refused to honor various medical bills, and to provide for the institutionalized care of Claimant in a veteran's home, a licensed health care facility. Although there is no dispute that Claimant is totally disabled and requires institutionalized care, Petitioners maintain that they are not responsible for providing Claimant with this medical care.

At the hearing before the referee, Claimant submitted into evidence the following: (1) the Agreement for Payment of Compensation for Disability or Permanent Injury (Compensation Agreement); (2) an Additional Medical Endorsement effective January 1, 1967 (Endorsement); and (3) an Additional Medical Amendatory Endorsement effective January 1, 1967 (Amendatory Endorsement). Petitioners were unable to provide written documentation, despite a subpoena to do so, of the policy covering Claimant's work injury.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The first question raised on appeal is whether the Board has jurisdiction to review a workmen's compensation agreement and determine the liability of an insurer. Section 303 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §481, conveys exclusive jurisdiction to

the Board over workmen's compensation matters. Thus, the general question of liability of an insured under a workmen's compensation agreement is within the jurisdiction of the compensation authorities. *Workmen's Compensation Appeal Board (Shistle) v. Cicioni,* 29 Pa. Commonwealth Ct. 381, 370 A.2d 1256 (1977); *Eldridge v. Blue Ridge Textile Co., Inc.,* 160 Pa. Superior Ct. 578, 52 A.2d 339 (1947); *Nilsson v. Nepi Bros.,* 138 Pa. Superior Ct. 107, 9 A.2d 912 (1939); and *Levan v. Pottstown, Phoenixville Ry. Co.,* 279 Pa. 381, 124 A. 89 (1924). Furthermore, the compensation authorities have the power to resolve not only whether a policy is in effect, but also, to determine the coverage provided by the policy. *See Cicioni, Eldridge, Nilsson* and *Levan.* Hence, the Bureau has jurisdiction over the instant matter.

Petitioner's next contention is that the referee's conclusion that Petitioner should provide for the requested medical care is not supported by competent evidence. We initially note that when no additional evidence is taken by the Board, it is the referee's responsibility to make credibility determinations and findings of fact. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Thus, in the instant case it was the referee's responsibility to examine the facts and circumstances to determine the medical benefits available to Claimant. *See Nilsson* and *Levan.*

The referee also concluded that the Compensation Agreement, the Endorsement and the Amendatory Endorsement evidenced the existence of an insurance policy which requires Petitioners to provide for the institutionalized care of Claimant. The Compensation Agreement indicates in paragraph twelve that "[T]he compensation coverage does include extra medical coverage or any other endorsement". The Endorsement provides:

> In addition to the benefits provided in Section 306(f) of The Pennsylvania Workmen's Compensation Act, . . . the company will provide . . . such surgical treatment, hospital services, . . . medicines and supplies . . . provided, the employee is or was entitled to receive compensation for such injury in accordance with The Pennsylvania Workmen's Compensation Act . . . or the company has agreed to make such compensation payments in accordance with the Voluntary Compensation Endorsement, if any, forming part of the policy; provided, also, that the claim under this endorsement is brought within two years after the date of last payment, whether such payment was made in accordance with the provisions of the Workmen's Compensation Act . . . or in accordance with the provisions of this endorsement . . . (2) The limit of the Company's liability . . . is $10,000 with respect to each injured employee.

The Amendatory Endorsement increased the policy limits to $100,000. The referee made the following findings of fact: (1) the medical benefit payments to Claimant beyond the statutory limits were not voluntary, gratuitous payments of medical benefits; and (2) the continued payments of medical benefits in excess of $10,000 supported the existence of the Amendatory Endorsement. We conclude after a careful review of the record in this case that the referee's findings are supported by substantial evidence.

Lastly, Petitioners argue that the referee's award of benefits violates Section 306(f) of the Act.[1] We agree

---

[1] The statutory language in effect in 1965 provided in part "The Board may order further medical, surgical, and hospital services if it is established that further care will result in restoring the injured employee's earning power to a substantial degree".

that Section 306(f) in effect at the time of Claimant's injury is applicable and would limit Petitioners' liability to situations whereby the medical benefits provided must result in a restoration of earning power. *See Noel v. Workmen's Compensation Appeal Board (Jones & Laughlin),* 70 Pa. Commonwealth Ct. 567, 453 A.2d 724 (1982); *Workmen's Compensation Appeal Board v. Pittsburgh Electrical Insulation Co.,* 31 Pa. Commonwealth Ct. 170, 375 A.2d 872 (1977); and *Workmen's Compensation Appeal Board v. Host Motel of Wilkes-Barre,* 17 Pa. Commonwealth Ct. 624, 333 A.2d 833 (1975). However, we are not concerned here with an award of benefits pursuant to Section 306(f) of the Act. Rather, the Endorsement specifically provides that the benefits available to Claimant are *in addition* to those provided in Section 306(f). Other than the monetary limit of $100,000, the endorsement states that benefits will be provided if: (1) the employee is entitled to workmen's compensation benefits; and (2) a claim under the endorsement is brought within two years of the date of last payment. Both of these conditions have been met. Therefore, the benefits award does not violate Section 306(f) of the Act.

Accordingly, the Board's order is hereby affirmed.

ORDER

AND NOW, this 6th day of May, 1987, the order of the Workmen's Compensation Appeal Board is hereby affirmed.