533 A.2d 1124

Clyde J. Moore, III., Petitioner *v.* Workmen's Compensation Appeal Board (et al.), Respondents.

Submitted on briefs October 9, 1987, to Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Arthur J. Leonard, Robb, Leonard & Mulvihill,* for petitioner.

*James M. Poerio, Herrington and Grater,* for respondent, Norsub, Inc.

*Joseph S. Weimer,* for respondent, Joseph Dengler Construction Co.

OPINION BY SENIOR JUDGE NARICK, December 1, 1987:

This is an appeal by Clyde J. Moore, III (Claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which concluded that Claimant was disabled as a result of a work-related injury from September 27, 1982 through January 27, 1983 and that on the date of this work-related injury, Claimant was employed by Thomas Stromaski and Gary Ishenbaugh. For the reasons set forth herein, we vacate and remand.

Claimant was employed as an over-the-road truck driver when, on September 17, 1982, he received injuries in a truck accident in Princeton, Illinois. On or about December 17, 1982, Claimant filed a claim petition against Norsub, Inc. seeking worker's compensation benefits for injuries sustained in the September 1982 accident. Norsub filed an answer denying that it was Claimant's employer at the time of this accident. Claimant, on February 17, 1983, filed two separate claim petitions against Stanley Levitsky[1] and Gary Ishenbaugh. The record discloses that Norsub leased trucks from Gary Ishenbaugh and Thomas Stromaski, · and that Claimant was driving a truck owned by Ishenbaugh and Stromaski at the time of his work-related injury.[2] On July 16, 1984, Joseph Dengler Construction Company was joined as an additional defendant based upon Claimant's testimony that in April 1984 he performed some work for his uncle, Joseph Dengler, the owner of Dengler Construction Company and that he injured his back while employed by his uncle.

On appeal, Claimant contends that Norsub was his employer not Stromaski and Ishenbaugh; and that his disability has not ceased.[3] We note that where, as here, the Board has not taken additional evidence, it is the referee's responsibility to make credibility determinations and findings of fact. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Our scope of review is limited to a de-

---

[1] The record reveals that Stanley Levitsky was a fictitious name utilized by Ishenbaugh and Stromaski in their trucking business.

[2] Ishenbaugh and Stromaski are not parties to this appeal. It should also be noted that no testimony was presented on behalf of Ishenbaugh and Stromaski before the referee.

[3] Also, Claimant's briefs contain no assertions with respect to Joseph Dengler Construction as a responsible employer.

termination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Felmont Oil Corp. and the Insurance Company of North America v. Workmen's Compensation Appeal Board (Furman)*, 106 Pa. Commonwealth Ct. 10, 525 A.2d 455 (1987). Pursuant to 42 Pa. C.S. §706, this Court may affirm, modify, vacate, set aside or reverse any order brought before it for review, and may remand the matter and direct the entry of such appropriate order, or require further proceedings as may be just under the circumstances.

Claimant has the burden of proving that Norsub was his employer. *See Workmen's Compensation Appeal Board v. Phillips*, 29 Pa. Commonwealth Ct. 613, 372 A.2d 63 (1977). In determining whether an employer-employee relationship exists between two parties, the key consideration is whether the alleged employer had the right to control the work to be done and the manner in which the work is performed. *North Penn Transfer, Inc. v. Workmen's Compensation Appeal Board (Michalovicz)*, 61 Pa. Commonwealth Ct. 469, 434 A.2d 228 (1981) and *Martin Trucking Co. v. Workmen's Compensation Appeal Board (Andrushenko and Searfoss)*, 30 Pa. Commonwealth Ct. 367, 373 A.2d 1168 (1977). However, the complication which arises in this matter is that Norsub leased trucks from Ishenbaugh and Stromaski; and that Claimant drove trucks owned by Ishenbaugh and Stromaski while hauling materials for Norsub. *North Penn Transfer* at 474-75, 373 A.2d at 230 sets forth two factors to be considered in determining whether a lessor or the lessee is a driver's employer: (1) which party possesses the right of control with regard to the work and the manner of performing it and (2) the factual presumption that a driver remains in the employ of his original master. However, this presump-

tion can be rebutted if the lessee has assumed control of the manner in which the driver performs his work.

The referee, in concluding that Claimant was employed by Stromaski and Ishenbaugh, made the following findings of fact:

1. Defendants, Stromaski and Ishenbaugh were the owners of a certain tractor-trailer which, in 1981, they leased to defendant Norsub.

2. Said lease provided that neither Stromaski and Ishenbaugh, nor their servants or agents, shall be agents or employees of Norsub for any purpose whatsoever.

3. On 9/27/82 and on several occasions prior thereto claimant had operated the vehicle under the terms of said lease.

4. On 9/27/82 claimant was involved in a truck accident while operating said tractor-trailer in Illinois.

5. Norsub had given claimant a road test for ICC purposes and occasionally advanced costs to him.

6. Claimant testified that defendant, Ishenbaugh told him 'I am your boss', had once fired him and had later re-hired him.

7. Claimant further testified that his pay checks came from defendant Ishenbaugh with no deductions.

8. Frank Crnic, Vice President of defendant Norsub, testified that Norsub had no authority over claimant and had no right to direct his activities.

9. Claimant testified that he did receive certain instructions for Defendant Norsub, such as where to refuel and whether passenger could accompany him.

. . . .

15. Claimant was an employee of defendants Ishenbaugh and Stromaski who had authority to direct his activities.

After thoroughly reviewing the record in this matter, we have determined that the referee's findings of fact numbers 6 and 7 are not supported by substantial evidence. With respect to finding of fact number 6, Claimant did testify that Ishenbaugh told him "I am your boss"; however, Claimant did not testify that Ishenbaugh once fired him and later re-hired him. Rather, Claimant testified that Danny Offencheck, President of Norsub, once told him "I am your boss" and that it was Offencheck who once fired him but later re-hired him. The record is completely devoid of any evidence that Ishenbaugh ever fired and later re-hired Claimant. Regarding finding of fact number 7, Claimant did not testify that his pay checks came from Ishenbaugh with no deductions. On the contrary, Claimant testified that his pay checks came from Danny Offencheck with no deductions. There is also reference in the record to Claimant's Exhibit 1 which is an Internal Revenue Service 1099 tax form which Claimant apparently received from Norsub. This 1099 form is not part of the record before us. Therefore, because the referee's findings of fact numbers 6 and 7 are not supported by substantial evidence, we strike those findings. Without these findings, the remaining findings of fact of the referee cannot, standing alone, constitute substantial evidence that Ishenbaugh and Stromaski were Claimant's employers at the time of his work-related injury.

Lastly, we note that the referee in findings of fact numbers 2 and 3 refers to an equipment lease between Stromaski and Ishenbaugh, and Norsub. The record discloses that this lease was admitted into evidence as Norsub's Exhibit No. 1; however, this lease is not part of the record certified to us by the Board.

Accordingly, for the reasons set forth herein, we vacate the Board's order which affirmed the referee's decision and remand this matter to the Board with further direction to the Board to remand to the referee so that the referee may clarify his findings of fact or make new findings of fact as indicated in this opinion. We specify that no additional testimony is required in this matter nor should additional evidence be submitted to the referee. However, the record clearly reveals that the 1099 tax form and the lease were part of the record before the referee. Therefore, the referee may, if he deems it necessary, take steps to include these exhibits in the record.

ORDER

AND NOW, this 1st day of December, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and this matter is remanded to the Board with direction to remand to the referee so that the referee may clarify his findings of fact or make new findings of fact which are in accordance with this opinion.

Jurisdiction relinquished.